ON REHEARING
WIGGINTON, Judge.
This case is before the court on appellees’ motion to dismiss the appeal. Appellees contend that the appeal was untimely filed and therefore this court is without jurisdiction.
Rule 3.2, Florida Appellate Rules, 32 F.S.A., provides that appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree appealed from, unless some shorter period of time for taking an appeal is specifically provided by the rules.
From the foregoing it is seen that the event which triggers the running of the time for taking an appeal is the rendition of the decision, order or judgment appealed.
Rule 1.3, Florida Appellate Rules, provides that rendition of a judgment, decision, order or -decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number.
The rule formerly in effect required that appeals be taken within a specified time from the recording of the decision, order, judgment, or decree appealed. This rule proved inadequate in that a backlog of recording work in the office of the clerk of the court frequently delayed for an indeterminate time the date on which the paper was actually recorded following its filing with the clerk. It was to eliminate the uncertainties and disadvantages resulting from this situation that the present rule was adopted. The date on which the order, judgment or decree is actually recorded is now immaterial insofar as the commencement of the running of the time for taking the appeal is concerned. The important act is the filing of the paper with the clerk for recording, and having a book and page number assigned to the document. It was the purpose and intent of this rule that the book and page of recording be assigned to the document simultaneously with its filing with the clerk. It was never contemplated that the filing of the document would normally take place on one date and the assignment of book[1] and page number of recording would take place on a later date.
In the case sub judice the record reveals that the judgment appealed herein was reduced to writing, signed by the trial judge, and filed for record with the clerk of the court on March 13, 1969. It has been represented to the court that the recording of documents filed in the office of the clerk of the court is handled entirely by computers which record the filing date and automatically assign a book and page number where the document is recorded. The manner in which the computers operate makes it virtually impossible to determine the exact date on which the book and page number of recording is assigned to the document recorded, although the filing date is readily ascertainable.
Appellees contend that since it is no longer possible to determine with any degree of certainty the date on which a book and page number is assigned to a recorded document in the offices of those clerks of the court whose record is accomplished by electrical computers, it must be assumed that the book and page of recording was assigned to the document on the date it was filed for record in the office of the clerk. This contention is made even though it is conceded that because of the backlog of recording in the office of the clerk at the time the judgment appealed herein *340 was filed, it was not actually recorded and the book and page of recording may not have been assigned to the document until as late as April 17, 1969, some one month after the date on which it was filed. Since the notice of appeal was not filed by appellant until April 15, 1969, 31 days after the judgment was filed for record on March 13, 1969, appellees assert that the filing of the notice was untimely and this court therefore lacks jurisdiction to entertain the appeal.
Appellant insists that the motion to dismiss should be denied because it does not affirmatively appear from the records that the book and page at which the judgment appealed was recorded was assigned to the document when it was filed for record on March 13, 1969. Appellant contends that it is just as reasonable to presume that the book and page number was assigned the judgment on April 17, 1969, instead of the date on which it was filed for record. Appellant argues that if such presumption is indulged, then the notice of appeal is timely and this court has jurisdiction to entertain it.
We believe it would be safe to assume that the possibility of having all documents recorded and records thereof kept by electrical computers was not foreseen or contemplated when the rule under consideration was adopted. If we are required to indulge in either one of the two assumptions in order to determine when the judgment appealed was rendered, it is our view that the safest assumption would be that the book and page of recording was assigned to the document on the date it was filed in the office of the clerk for recording. If this assumption is indulged, then the notice of appeal in the case sub judice was untimely filed, and this court lacks jurisdiction to proceed further in a consideration of the appeal.
If we should see fit to agree with appellant that it should be assumed that the book and page number of recording was assigned to the document on April 17, 1969, as contended by him, then the motion to dismiss the appeal would nevertheless have to be granted. This is so for the reason that the notice of appeal filed on April 15, 1969, would have been filed two days before the actual rendition of the judgment under the assumption urged by appellant. Under these circumstances, the appeal would be a nullity as having been prematurely filed prior to the rendition of the judgment sought to be reviewed. This is the conclusion reached by the Supreme Court in the case of Jenkins v. Lyles.[1] In Jenkins the trial court orally announced from the bench its decision to grant defendant’s motion to quash an information filed against him. A notice of appeal was immediately filed to the oral announcement before the written order of dismissal was signed by the judge and filed for record. The court held that the appeal had been prematurely taken prior to the actual rendition of the order sought to be reviewed and must therefore be dismissed because the appellate court had no jurisdiction.
Under the foregoing circumstances we conclude that the notice of appeal filed herein was untimely and this court has no jurisdiction to consider the appeal. The motion to dismiss the appeal is accordingly granted.
CARROLL, DONALD' K., J., concurs.
JOHNSON, Chief Judge, dissents.

. Jenkins v. Lyles (Fla.1969), 223 So.2d 740.