FRANK, Acting Chief Judge.
The Department of Highway Safety and Motor Vehicles sought a final order of forfeiture against Randall Harry Gatlin, seeking to forfeit Gatlin’s 1977 Kenworth tractor. The court was presented with evidence that Gatlin had feloniously used the tractor, which he was driving without the trailer, to commit an aggravated assault upon a family riding in a 1989 Camaro on Interstate 4. Barbara Gatlin, the appel-lee’s mother, asserted that she held a lien interest in the vehicle. The trial court refused to enter a forfeiture order and required the tractor to be released to Barbara Gatlin. Barbara Gatlin failed to demonstrate that she held a bona fide lien. We reverse.
Although Barbara Gatlin testified that she had loaned her son the money to buy *71 the tractor, that fact alone is insufficient to protect her interest from forfeiture. Section 932.703(3), Florida Statutes (1989), provides as follows:
No bona fide lienholder’s interest shall be forfeited under the provisions of ss. 932.701-932.704 if such lienholder establishes that ... the lien had been perfected in the manner required by law prior to such seizure.
The proper method for perfecting a lien is described in section 319.27(1), Florida Statutes (1989), which requires that:
Each lien, mortgage, or encumbrance on a motor vehicle or mobile home titled in this state shall be noted upon the face of the Florida certificate of title or on a duplicate or corrected copy thereof.
Barbara Gatlin’s purported lien was not noted upon the title. Thus, her interest cannot be protected in these forfeiture proceedings. In re Forfeiture of One 1979 Chevrolet C10 Van, 490 So.2d 240 (Fla. 2d DCA 1986).
Accordingly, we reverse the order requiring the Department of Highway Safety and Motor Vehicles to release the 1977 Ken-worth tractor, VIN # 251322J, to Barbara Gatlin, and remand for the trial court to enter a final order of forfeiture in favor of the Department.
HALL and PATTERSON, JJ., concur.