706 So.2d 400 (1998)
Kim M. RAYSOR, Appellant,
v.
John T. RAYSOR, Appellee.
No. 97-3226.
District Court of Appeal of Florida, First District.
February 23, 1998.
Demere Mason, Jacksonville, for appellant.
Peter Macaluso, Tampa, for appellee.

ON APPELLANT'S RESPONSE AND SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE
PER CURIAM.
Kim M. Raysor seeks review of a non-final order relating to venue rendered by the trial court on July 3, 1997. The last day for invoking this court's jurisdiction by filing a notice of appeal with the clerk of the lower tribunal was Monday, August 4, 1997. See Fla. R.App. P. 9.130(b) and 9.420(e). On Wednesday, July 30, 1997, appellant placed her notice of appeal in the U.S. mail addressed to the post office box maintained by the clerk of the trial court. The notice was not filed with the clerk, however, until the morning of Tuesday, August 5, 1997. We therefore directed appellant to show cause why the appeal should not be dismissed for lack of jurisdiction.
In response to this order, appellant offered to the court two affidavits detailing the clerk's routine practice concerning the retrieval *401 of mail from its post office box,[1] and argues that, based on this practice, there is a period of time each day when mail can be placed in the clerk's post office box and not retrieved until the following day. Using this possibility as a foundation, appellant speculates that her notice of appeal was placed in the clerk's post office box on August 4, but was not retrieved by and filed with the clerk's office until August 5. Based upon this speculation, appellant urges us to conclude that her notice of appeal was in fact timely filed. We reject this contention for two reasons.
First, the facts alleged by appellant fall far short of establishing that the notice of appeal was actually delivered to the clerk's post office box on August 4. In fact, the facts are equally, or perhaps more, susceptible of the conclusion that delivery did not occur until August 5. Secondly, even if we were to accept appellant's supposition as true, we would conclude that she nonetheless failed to timely "file" the notice of appeal with the clerk of the trial court. Generally, a paper is deemed to be "filed" when it is delivered to the proper official and received by that official to be kept on file. Blake v. R.M.S. Holding Corp., 341 So.2d 795 (Fla. 3d DCA 1977). In order to be timely, a notice of appeal must be filed with the appropriate court within the required time, and merely mailing the notice or having the notice placed in a post office box within the required time period is not sufficient. See Coca Cola Foods v. Cordero, 589 So.2d 961 (Fla. 1st DCA 1991).
The notable exception to the general principle that a document must actually be received by the clerk within the allotted time is the so-called "mailbox rule," under which the pleading of an incarcerated pro se litigant is deemed to be "filed" at the time it is placed in the hands of prison officials for mailing. However, this rule was adopted in large part because, unlike other litigants, prisoners have no choice but to "entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers." Haag v. State, 591 So.2d 614, 616 (Fla.1992)(quoting Houston v. Lack, 487 U.S. 266, 271, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988)). In contrast, the appellant here voluntarily elected to subject herself to these vagaries, and she is bound to accept the consequences of that election.
By publishing this opinion, our intent is not to single out counsel for appellant, who by all appearances mailed the notice of appeal in a manner that under ordinary circumstances would have resulted in timely receipt by the clerk. On the contrary, given the relative frequency with which situations such as this occur, our purpose is to reiterate the point that one who foregoes the opportunity to personally deliver time critical documents to the clerk, and instead elects to entrust those documents to postal authorities or some other delivery mechanism, does so at his or her own peril.
For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] We grant appellant's motion requesting that we review these affidavits in support of her allegation that the notice of appeal was timely filed.