738 So.2d 456 (1999)
BAY COUNTY SHERIFF'S OFFICE, Appellant,
v.
TYNDALL FEDERAL CREDIT UNION (TFCU), Anthony D. Stedman, Forfeiture of: 1995 Chevrolet S-10, Green in Color, # 1GCCS1948S8148968, Florida Tag # KNN77Q, Appellees.
No. 97-4869.
District Court of Appeal of Florida, First District.
July 27, 1999.
*457 Mark D. Dreyer of Harrison, Sale, McCloy, Thompson & Harrison Chartered, Panama City; and Franklin R. Harrison, Assistant State Attorney, Panama City, for Appellant.
No appearance for Appellees.
LAWRENCE, J.
The Bay County Sheriff's Office (Bay County) appeals a final order finding its ownership interest in a seized motor vehicle to be subject to the security interest of Tyndall Federal Credit Union (Tyndall). We reverse.
The record reflects that Tyndall loaned money on a 1995 Chevrolet S-10 on June 11, 1996, and within fifteen days, delivered notice of its lien to an authorized agent of the Department of Highway Safety and Motor Vehicles (DMV). DMV refused to file the documents because the required filing fees were inadequate and returned the documents to Tyndall on August 5, 1996. Bay County, on December 23, 1996, pursuant to the Florida Contraband Forfeiture Act, seized the truck in question because it had been used in the commission of a felony.[1] Bay County, on the date of seizure, also confirmed with DMV that no liens appeared on the truck's certificate of title. Tyndall took no further action until January 1997 when, after having been made aware that Bay County had seized the truck, resubmitted its lien documents to DMV along with the correct filing fee. DMV, on January 23, 1997, noted Tyndall's lien on the certificate of title, but purported to make it effective as of June 11, 1996.
The Florida Contraband Forfeiture Act, in relevant part, provides:
A bona fide lienholder's interest that has been perfected in the manner prescribed by law prior to the seizure may not be forfeited under the Florida Contraband Forfeiture Act unless the seizing agency establishes by a preponderance of the evidence that the lienholder had actual knowledge, at the time the lien was made, that the property was being employed or was likely to be employed in criminal activity. If a lienholder's interest is not subject to forfeiture under the requirements of this section, such interest shall be preserved by the court by ordering the lienholder's interest to be paid as provided in s. 932.7055.
§ 932.703(6)(b), Fla. Stat. (Supp.1996) (emphasis added). A "bona fide lienholder" for purposes of the foregoing statute is defined as follows: "`Bona fide lienholder' means the holder of a lien perfected pursuant *458 to applicable law." § 932.701(2)(b), Fla. Stat. (Supp.1996).
The forfeiture statute makes no attempt to define the manner in which a security interest may be perfected beyond its requirement of "in the manner prescribed by law prior to the seizure." The issue thus is whether Tyndall lawfully perfected its security interest prior to the seizure by Bay County.
Perfection of a security interest gives constructive notice to the world of the claim or interest of the one asserting it. The relevant Florida statute on this issue provides in pertinent part as follows:
(1) Each lien, mortgage, or encumbrance on a motor vehicle or mobile home titled in this state shall be noted upon the face of the Florida certificate of title or on a duplicate or corrected copy thereof, as provided by law; however, this section does not apply to any security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other like instrument covering any motor vehicle or mobile home floor plan stock of any licensed dealer. Except for the recording of liens upon motor vehicles or mobile homes for which no Florida certificates of title have been issued as provided in subsection (3), the department shall not be a recording office for liens on motor vehicles or mobile homes.
(2) No lien for purchase money or as security for a debt in the form of a security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument upon a motor vehicle or mobile home upon which a Florida certificate of title has been issued shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien has been filed in the department and such lien has been noted upon the certificate of title of the motor vehicle or mobile home. Such notice shall be effective as constructive notice when filed. ...
. . . .
(3)(b) As applied to a determination of the respective rights of a secured party under this chapter and a lien creditor as defined by s. 679.301(3), or a nonpossessory statutory lienor, a security interest under this chapter shall be perfected upon the filing of the notice of lien with the department, the county tax collector, or their agents. Provided, however, the date of perfection of a security interest of such secured party shall be the same date as the execution of the security agreement or other similar instrument if the notice of lien is filed in accordance with this subsection within 15 days after the debtor receives possession of the motor vehicle or mobile home and executes such security agreement or other similar instrument. The date of filing of the notice of lien shall be the date of its receipt by the department central office in Tallahassee, if first filed there, or otherwise by the office of the county tax collector.
§ 319.27, Fla. Stat. (1995) (emphasis added).
It is undisputed that at the time of the seizure, Tyndall's lien had not been noted on the certificate of title. Tyndall argued in the trial court[2] that because it attempted to file the lien notice with DMV before the seizure, constructive notice should be deemed as having been accomplished on the initial date of tender, despite its failure to pay the required fees. The statute does indicate that perfection is accomplished upon filing of the notice with DMV. But we reject the appellee's argument that filing with DMV was accomplished in this case. We also reject this argument because it would produce an absurd result. See Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674, 676 n. 5 (Fla.1985). If the mere tender of a lien notice to DMV without the required fees is sufficient to obtain *459 constructive notice, there would be no incentive for any party to pay the required fees, because the desired result would be the same with or without payment of the fees.
Tyndall argued in the alternative that it is entitled to priority on equitable grounds because it was undisputedly a legitimate creditor of the truck owner prior to seizure. In a similar circumstance, our sister court rejected such an equitable lien claim and said:
We need not decide whether the evidence was sufficient to establish [claimant's] right to an equitable lien because the statute only offers protection to one whose lien has "been perfected in the manner prescribed by law prior to such seizure." Section 319.27(1), Florida Statutes (1985), prescribes that the perfection of a lien on a motor vehicle titled in Florida is accomplished by noting the lien upon the face of the certificate of title or on a duplicate or corrected copy thereof. A lienholder's interest whose lien has not been perfected according to the requirements of section 319.27(1) is subject to forfeiture. Smith v. City of Miami Beach, 440 So.2d 611 (Fla. 3d DCA 1983).
In re Forfeiture of One 1979 Chevrolet C10 Van, VIN No. CGU1590137222, 490 So.2d 240, 241 (Fla. 2d DCA 1986).
We agree with Tyndall's argument that the legislature intended to protect innocent lienholders. The legislature however merely required that innocent lienholders give constructive notice of their lien in a commercially feasible manner as provided by statute. Tyndall failed to take advantage of the protection offered by the statute, and thus Tyndall's claim of constructive notice to Bay County must fail.
Our construction of section 319.27 protects a variety of innocent parties other than law enforcement agencies such as Bay County. Legitimate creditors have only to check the certificate of title in the recording agency designated by statute to reliably determine lien priorities. Our construction also serves to defeat claims by those fraudulently asserting "innocent party" status. See In re Forfeiture of 1977 Kenworth Tractor VIN No. 251322J, 566 So.2d 70 (Fla. 2d DCA 1990). Tyndall's construction of the statute would defeat the interests of potential lenders, and owners of motor vehicles, whom the statute is intended to protect.
We accordingly hold that Tyndall's lien interest in the truck at issue is subordinate to Bay County's ownership interest. Because Bay County's ownership interest is not subject to Tyndall's lien, we reverse and remand for consistent proceedings.
REVERSED and REMANDED.
ALLEN and BENTON, JJ., CONCUR.
NOTES
[1] See the Florida Contraband Forfeiture Act, sections 932.701 to 932.707, Florida Statutes (1995).
[2] Tyndall made no appearance on appeal.