**In re John H. and Anne COBURN, Jr., Debtors.**

**No. 98–04886–6J7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 9, 1999.

Kenneth D. Herron, Jr., Wolf, Hill, McFarlin & Herron, P.A., Orlando, FL, for debtor.

James C. Orr, Orlando, FL, trustee.

Lynnea Concannon, Orlando, FL.

Arlys L. Buschner, Orlando, FL.

*FINDINGS OF FACT AND CONCLU-SIONS OF LAW ON TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on July 20, 1999, on the Motion for Turnover of Property of the Estate (the "Motion") (Doc. No. 22) filed by the Chapter 7 Trustee, James C. Orr (the "Trustee"). The Motion seeks turnover of a pick-up truck by John H. and Anne Coburn, Jr. (the "Debtors"). After reviewing the pleadings and considering the arguments of the parties and the applicable law, the Trustee's Motion is granted.

*Title/Possession of the Truck.* The Debtors possess a 1996 F–150 Ford pick-up truck (the "Truck"). One of the Debtors, John H. Coburn, Jr., is the registered owner listed on the Truck's certificate of title (the "Title") issued by the State of Florida. (Trustee's Exhibit No. 3.) The Debtors bought the Truck with funds advanced to them by John H. Coburn, Sr., the Debtors' father (the "Father").

In July 1996, the Father obtained an unsecured loan to help his son buy the Truck. The Debtors made only one or two payments on the Father's unsecured loan; the Father made all the remaining payments on the loan. The Truck originally was titled, insured, and registered in the name of the son, John H. Coburn, Jr. In September 1996, John H. Coburn, Jr., the son, endorsed and delivered the original Title to the Father. The Father still retains the endorsed Title to the Truck. He never recorded the transfer of the Truck to him or requested a new certificate of title from the State of Florida. As such, the Debtor, John H. Coburn Jr., remains the registered owner listed on the Title. No liens or other encumbrances are listed on the Title. The Debtors continue to have free use of the Truck.

*Motion for Turnover.* The Trustee asserts that the Truck is property of the estate and is subject to sale free and clear of any interest held by the Father pursuant to Section 363(f) of the Bankruptcy Code.[1] In opposition, the Debtors contend that the Father has an equitable interest in the Truck as either the owner or a lien holder. If so, the Father is a necessary party to this dispute, and the Trustee would need to proceed by adversary proceeding instead of by motion. The Trustee, in response, contends that the Father has no judicially recognizable interest because he is not listed as either a lien holder or an owner on the Title and, pursuant to §§ 319.22 and 319.27 of the Florida Statutes, no court can recognize his alleged equitable interest.

In order for a trustee to prevail on a turnover motion, the trustee must show: (1) the property sought to be recovered is property of the estate, and (2) the trustee is entitled to use, sell, or lease the property pursuant to § 363. *In re Allegheny Label, Inc.,* 128 B.R. 947, 954 (Bankr. W.D.Pa.1991). Therefore, the initial inquiry is whether the Truck is property of this estate or, more specifically, whether the Father could even assert any interest in the Truck that may be superior to the Debtors' interest.

*The Father does not hold a judicially recognizable interest in the Truck.* The owner of a motor vehicle can transfer his or her interest in the car by simply endorsing the back of the car's certificate of title. The transferee, however, does not obtain marketable title until the transfer is registered with the State of Florida and the state issues a new certificate of title in the transferee's name. FLA. STAT. § 319.22. Similarly, in order to obtain a lien that is enforceable against third par-

---

1. Unless specified otherwise, all references to statutory sections refer to Title 11 of the United States Code.

ties, the lien holder must file a notice of lien and have the lien noted on the appropriate certificate of title. FLA. STAT. § 319.27; *In re Forfeiture of 1977 Kenworth Tractor,* VIN # 2151322J, 566 So.2d 70 (2nd DCA Fla.1990); *Northeast Nat'l Bank of St. Petersburg v. Central Plaza Bank & Trust Co.,* 209 So.2d 255, 258 (2nd DCA Fla.1968). Moreover, "[e]xcept as otherwise provided herein, no court shall recognize the right, title, claim, or interest *of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered,* unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter." FLA. STAT. § 319.22 (Emphasis added). This language leaves little room for interpretation.

■ When interpreting statutory language, if the statute is unambiguous and does not demand an absurd result, it must be given its plain meaning. The Eleventh Circuit has applied this rule of statutory interpretation to give effect to the plain meaning of statutes. *See, Consolidated Bank v. United States,* 118 F.3d 1461, 1464 (11th Cir.1997); *McNely v. Ocala Star–Banner Corp.,* 99 F.3d 1068, 1075 (11th Cir.1996); *Resolution Trust Corp. v. Fragetti,* 49 F.3d 715, 717 (11th Cir.1995). Only "[i]n rare and exceptional circumstances [a court] may decline to follow the plain meaning of a statute because overwhelming extrinsic evidence demonstrates a legislative intent contrary to the text's plain meaning." *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co.,* 51 F.3d 235, 238 (11th Cir.1995) (citing *Hallstrom v. Tillamook Co.,* 493 U.S. 20, 28–30, 110 S.Ct. 304, 310, 107 L.Ed.2d 237 (1989)).

■ In this case, the language of Florida Statute section 319.22, "no court shall recognize," is not ambiguous and does not

demand an absurd result. As the Florida Supreme Court held in *Lamar v. Wheels Unlimited, Inc.,* 513 So.2d 135 (Fl.1987), a party who fails to properly register an ownership or lien interest on a certificate of title for a motor vehicle lacks standing to challenge the later forfeiture of the vehicle. The purpose of the statute is to insure that "title to motor vehicles in Florida may only be transferred pursuant to the provisions of Chapter 319." *Id.* at 137. If a party does not follow the requirements of Chapter 319, the party cannot later assert any ownership or lien interest in the car.

In this case, the Father held the endorsed Title for three years without recording his interest. He now lacks standing to assert any claim as to the Truck. Of course, he is free to file a claim in this case for any damages he may have suffered. *Lamar,* 513 So.2d at 138 at FN 2. However, the Father has no judicially recognizable claim to the Truck. The Truck is property of this estate and is free and clear of liens, interests, or other encumbrances. The Trustee is free to sell the property for benefit of the creditors of this estate.

■ *The Father is not a necessary party to this motion.* Bankruptcy Rule 7019 incorporates the provisions of Rule 19 of the Federal Rules of Civil Procedure and delineates the standards for determining necessary and indispensable parties to a contested bankruptcy dispute.[2] Rule 19 requires a two-part test to identify whether a party is indispensable. First, the court must determine under the standards of Rule 19(a) whether the person in question is one who should be joined, if feasible. Second, if the person should be joined but is not, the court then must inquire whether the litigation may proceed

**2.** It should be noted that the label "indispensable party" is purely a conclusion arrived at by a Rule 19 analysis. Only when a court determines that the litigation cannot go forward without the missing person is the label appropriate. *See, e.g., Provident Tradesmens*

*Bank & Trust Co. v. Patterson,* 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.,* 421 F.2d 869, 873 (5th Cir.1970); *Advisory Committee's Notes to Amendments to Rules of Civil Procedure,* 39 F.R.D. 69, 93 (1966).

using the factors enumerated in Rule 19(b).[3]

Initially, a court must determine if a party should be joined to the pending action. Rule 19(a) requires the addition of a party if: (1) their absence would deny complete relief to the parties already present in the action; or (2) the absent party claiming "an interest relating to the subject of the action" could not protect the interest or could cause the existing parties a substantial risk of incurring multiple liabilities. In this case, the Father's interest in the Truck is not judicially recognizable under Chapter 319 of the Florida Statutes. The parties already present in the dispute can be afforded complete relief. Further, the Debtors and the Trustee cannot be subject to multiple liability because the Trustee only seeks to obtain and sell the Truck in which the Father has no judicially recognizable interest. No multiple liability can result. Therefore, the Father is not an indispensable party to this dispute. The Trustee need not file a formal adversary proceeding to obtain the turnover of the Truck.

*Conclusion.* Based on this analysis, the Truck is property of the estate. The Trustee is entitled to use, sell, or lease the Truck pursuant to § 363. The Father has no judicially recognizable ownership or equitable interest in the Truck pursuant to §§ 319.22 and 319.27 of the Florida Statutes because, John H. Coburn, Jr., one of the Debtors, is listed as the only registered owner on the Title, the Debtors retain possession of the Truck, and no liens or other encumbrances are recorded. The Truck is free and clear of any claims and may be sold by the Trustee.

The Motion is granted. The Debtors are directed to deliver the Truck to the Trustee within 15 days of the service of this order or to make other arrangements satisfactory to the Trustee. A separate Order consistent with these Findings of Facts and Conclusions of Law shall be entered.

**3.** Rule 19(b) provides in relevant part: (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.