GODERICH, Judge.
The plaintiff, Splash Entertainment, Inc. [Splash], appeals from an order denying its motion for summary judgment and from an order granting final summary judgment in favor of the defendant, Sons of Ireland, Inc. [Ireland]. We reverse and remand with directions to enter final summary judgment in favor of Splash.
On October 25, 1999, Splash and Ireland entered into an Asset Purchase Agreement for Splash’s interest in a bar. The sale included a liquor license issued by the State of Florida, Department of Business & Professional Regulation, Division of Alcoholic Beverages & Tobacco [DABT]. Ireland delivered to Splash two promissory notes and also entered into a security agreement with Splash granting Splash an interest in the liquor license.
On January 21, 2000, eighty-eight days after the execution of the security agreement, the DABT received Splash’s notice of lien. The DABT, however, did not “file”[1] or “accept”[2] the notice of lien until September 5, 2000, when Splash finally resolved á pending administrative matter with the DABT.
*425 Splash commenced this action to foreclose its interest in the liquor license and other property. The parties settled all disputes except for the liquor license. Both parties filed motions for summary judgment seeking to determine the validity and enforceability of Splash’s lien on the liquor license. The trial court granted Ireland’s motion for summary judgment finding that, pursuant to section 561.65(4), Florida Statutes (2002), the lien was unenforceable because it had not been recorded within 90 days of the date of creation of the lien or security interest. Section 561.65(4) provides, in part:
“In order to perfect a lien or security interest in a spirituous alcoholic beverage license which may be enforceable against the license, the party which holds the lien or security interest, within 90 days of the date of creation of the lien or security interest, shall record the same with the division on or with forms authorized by the division.... All liens and security interests filed on or after July 1, 1995, shall expire 5 years after recordation unless renewed by the lien-holder within 6 months prior to its expiration date.... ”
The trial court denied Splash’s motion for summary judgment and thereafter, entered final judgment in favor of Ireland. Splash’s appeal follows.
Splash contends that the trial court erred by finding that its lien was not enforceable. We agree.
In support of the trial court’s orders, Ireland argues that pursuant to the clear language of section 561.65(4), Florida Statutes (2002), a lien on a liquor license is not enforceable unless it is recorded with the DABT within 90 days of the date of creation of the lien. Ireland contends that although Splash submitted the notice of lien within 90 days, it was not recorded within the 90-day period, and therefore, the lien was not enforceable.
The legislature chose the term “record” instead of the term “file” with respect to when a lien on a liquor license is perfected. However, Chapter 561 does not contain a definition of the word “record.” The two terms have distinct meanings. “Generally, a paper is deemed to be ‘filed’ when it is delivered to the proper official and received by that official to be kept on file.” Raysor v. Raysor, 706 So.2d 400, 401 (Fla. 1st DCA 1998); see also, Bay County Sheriffs Office v. Tyndall Fed. Credit Union (TFCU), 738 So.2d 456, 458 (Fla. 1st DCA 1999)(holding that sworn notice of lien on truck was not “filed,” and therefore, not perfected, when the Department of Highway Safety and Motor Vehicle returned notice of lien because appropriate fee was not attached). The word “record,” however, connotes more than just a receiving or submitting of documents to the appropriate authority, but also suggests that the document must be assigned some sort of recording number. See Anderson v. North Fla. Prod. Credit Ass’n, 642 So.2d 88 (Fla. 1st DCA 1994)(“an instrument is deemed to be ‘officially recorded’ when the instrument is accepted by the court clerk and is given ‘official register number.’ ”); Dam v. David, 227 So.2d 338, 339 (Fla. 1st DCA 1969)(“A paper is deemed recorded when filed with the clerk and assigned a book and page number.”).
In the instant case, the DABT stamped the notice of lien “RECEIVED” on January 21, 2000, and marked the notice of lien “Accepted” on September 5, 2000. The notice of lien, however, does not contain any type of recording information such as an official register number or a book and page number. As such, it seems that a notice of lien filed pursuant to section 561.65(4) is not recorded, but *426 merely submitted and later accepted or rejected by the DABT. Therefore, we find that pursuant to section 561.65(4), a lien on a liquor license is enforceable if it is received by the DABT within ninety days of the date of creation of the lien, and later accepted by the DABT. The fact that the DABT’s acceptance takes place more than ninety days after the date of creation of the lien is immaterial.
This interpretation is consistent with the manner in which the DABT itself has interpreted section 561.65(4). Pursuant to section 561.65(4), the lien must be recorded utilizing forms approved by the DABT. The form approved by the DABT is titled “Mortgagee’s Interest in Spirituous Alcoholic Beverage License.”- The instructions provided by the DABT for utilizing this form state, in part, as follows:

APPLICATION REQUIREMENTS

Pursuant to Section 561.65, Florida Statutes, a lien may only be recorded against a spirituous (liquor) license. The lien must be submitted to the Division of Alcoholic Beverages and Tobacco within 90 days of the creation of the lien or security interest. When a lien is accepted or rejected, written notification will be sent advising you accordingly. The processing time for lien recordings varies by each application.
http://www.state. fl.us/dbpr/abt/ forms/mortgagees_ interest_in_spirit_ al-cohol_bev_lic_ application_package.pdf (emphasis added).
The instructions provided by the DABT clearly indicate that pursuant to section 561.65(4), the lien must be submitted within 90 days, not that the lien must be accepted within 90 days. Further, the instruction also explains that the processing time varies for each application and that when the lien is accepted or rejected, written notice will be provided. Consistent with these instructions, on September 5, 2000, the DABT gave written notice to Splash that the lien had been “filed effective September 5, 2000.... ” Further, the actual Notice of Lien indicates that it was “Accepted” on September 5, 2000. Neither, the letter sent by the DABT nor the notice of lien itself provides that the notice of lien was “recorded” by the DABT.
Moreover, it is evident from the DABT’s letter dated September 5, 2000, that it considered that the lien had been perfected in a timely manner. Section 561.65(4) also provides that “[a]ll liens and security interests filed on or after July 1, 1995, shall expire 5 years after recordation unless renewed by the lienholder within 6 months prior to its expiration date.... ” The September 5th letter informs Splash that its lien will expire on September 5, 2005 “unless renewed within six (6) months prior to its expiration date or is satisfied,” which is five years from September 5, 2000, the date that the lien was perfected.
Lastly, Ireland’s reliance on In re Seville Entertainment Complex of Pensacola, Inc., 79 B.R. 491 (Bankr.N.D.Fla.1987), is misplaced. In re Seville is factually distinguishable because it deals with a situation in which the lienholder failed to file the approved DABT form with the DABT as required by section 561.65(4).
Accordingly, we find that the lien was enforceable, and reverse and remand with directions to enter final summary judgment in favor of Splash.[3]
Reversed and remanded with directions.

. A letter from the DABT states, in part: "This will acknowledge receipt of your Notice of Lien in favor of Splash Entertainment, Inc., ... which has been filed effective September 5, 2000.... This lien will expire on September 5, 2005 unless renewed within six (6) months prior to its expiration date or is satisfied....”

. Pursuant to section 561.65(4), a notice of lien must be recorded with the DABT on forms approved by the DABT. Splash submitted the appropriate fee and approved form titled "Mortgagee’s Interest in Spirituous Alcoholic Beverage License" to the DABT. The form indicates that the DABT "Accepted” the lien on September 5, 2000.

. Splash also raised several other arguments supporting the enforceability of the lien on *427 the liquor license. However, based on our discussion above, we do not need to address the remaining arguments.