**In re Laura KIRK, Debtor.**

**No. 6:07–BK–03027–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 5, 2007.

Norman L. Hull, Norman Linder Hull PA, Orlando, FL, for debtor.

Scott R. Fransen, Winter Park, FL, trustee.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion for Turnover of Assets of the Estate (Doc. No. 17) ("Motion") filed by Scott R. Fransen, the Chapter 7 Trustee herein ("Trustee"), and the Response (Doc. No. 19) filed by Laura Kirk, the Debtor herein ("Debtor"). The Trustee seeks turnover of the Debtor's alleged interest in a 2006 Mazda 3 ("Vehicle").[1] Evidentiary hearings were held on October 15, 2007 and November 28, 2007 at which the Trustee, the Debtor, her counsel, daughter, and father were present. The parties filed post-hearing briefs (Doc. Nos. 23, 26).

The facts are not in dispute. The legal issue for determination is whether the Debtor, who is named a joint owner on the Vehicle's title, holds an interest in the Vehicle which is subject to turnover and administration by the Trustee.

The Debtor filed the above-captioned individual Chapter 7 bankruptcy case on July 16, 2007. The Vehicle was purchased in March 2006 for the Debtor's then fifteen-year old daughter with funds provided by the Debtor's father, Dean H. Neeriemer ("Neeriemer"). The Vehicle was purchased as a gift for the daughter and at all times was intended by Neeriemer and the Debtor to be the daughter's car.

The purchase price of the Vehicle was $20,000.00. The Debtor paid $1,000.00 of her own funds to the dealership to hold the Vehicle while Neeriemer liquidated some personal assets. He issued check number 203794 dated March 29, 2006 in the amount of $20,000.00 to himself and endorsed the check to the Debtor (Doc. No. 25). The Debtor deposited Neeriemer's check into her account and used the funds to pay the balance of the Vehicle's purchase price.

The Vehicle is titled and registered in the State of Florida jointly in the Debtor's and the daughter's names. The Certificate of Title lists the registered owners as "Laura N Kirk or Bethany M Kirk." The Vehicle is unencumbered by liens and has an approximate value of $19,000.00. The Debtor and her daughter reside at 3618 Pompano Court, Gotha, Florida 34734, which is the registered address of the Vehicle. The Vehicle is used exclusively by the daughter. The Debtor has only driven the Vehicle twice.

The Debtor obtained insurance coverage for the Vehicle and pays the insurance

1. The Vehicle has Vehicle Identification Number JM1BK123661487742. The Trustee seeks turnover of other alleged assets including a 2006 tax refund, funds paid to Mezey & Associates, funds paid to the Debtor's father, a bank account, and a 2004 Honda Pilot. Only the Vehicle was addressed at the hearing. Presumably, the parties have resolved the issues relating to these other alleged assets. This Order is without prejudice to the Trustee's right to pursue such assets to the extent any unresolved issues remain.

premiums. The insurance premium invoices are issued to the Debtor and her daughter jointly. The Debtor pays the Vehicle's maintenance costs. The daughter is currently a junior in high school and has no source of income.

The Debtor asserts she has no beneficial or equitable interest in the Vehicle, but only bare legal title. She explained the Vehicle is jointly titled because her daughter, a minor, could not legally contract for the purchase of the car and insurance for the daughter as a sole owner would have been prohibitively expensive. They did not consider titling the Vehicle as custodial property or creating a trust. The joint titling of the Vehicle was not done for asset protection or creditor avoidance purposes.

The Debtor's bankruptcy papers are consistent with the stated intention the Vehicle was to be the daughter's property. The Debtor did not list the Vehicle as an asset in her Schedules nor did she claim an exemption in the Vehicle.[2] She stated in her Statement of Financial Affairs (Question No. 14) she is holding or controlling the Vehicle for the benefit of her daughter: "in daughter's possession—title in debtor's name for insurance purposes. Car fully paid for by grandfather."

■ Florida statutory and case law govern the determination of the Debtor's interest in the Vehicle. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."). If the Debtor is determined to have an interest in the Vehicle, bankruptcy law governs whether the interest becomes property of the estate. *In re Daugherty*, 261 B.R. 735, 738 (Bankr.M.D.Fla.2000).

■ A certificate of title is not necessary for ownership of a vehicle in Florida. *In re Kalter*, 292 F.3d 1350, 1358 (11th Cir.2002). Where a certificate of title exists, it is not conclusive proof of ownership, but "invariably establishes presumptive ownership...." *Nash Miami Motors, Inc. v. Bandel*, 47 So.2d 701, 703 (Fla.1950); *see also, Cannova v. Carran*, 92 So.2d 614, 619 (Fla.1957) (stating a person is presumed to own all property that is titled in her name). "[S]uch presumption may be overcome by competent evidence." *Nash* at 703; *see also, In re Forfeiture of 1989 Isuzu Pickup Truck*, 612 So.2d 695, 697 (Fla. 1st DCA 1993) ("The presumption of coownership of a motor vehicle can be overcome only by clear and convincing proof.").

■ The Debtor's assertion she has merely a non-beneficial or custodial interest in the Vehicle is contradictory to the plain and unambiguous language of Fla. Stat. Section 319.22(2)(a)(1), which is determinative in establishing the nature of a party's ownership intent. *In re Daugherty* at 740. Section 319.22(2)(a)(1) provides: "When a motor vehicle or mobile home is registered in the names of two or more persons as coowners in the alternative by the word 'or,' such vehicle shall be held in joint tenancy." The Debtor and her daughter, by the ownership designation "Laura N Kirk or Bethany M Kirk," own the Vehicle as joint tenants. Fla. Stat. § 319.22(2)(a)(1); *In re Daugherty* at 740.[3]

---

**2.** The Debtor lists a "2006 Accord LX" with a value of $15,950.00 as an asset (Schedule B) in which SunTrust Consumer Loan Payments holds a purchase money security interest of $23,093.00 (Schedule D). No exemption is claimed in Schedule C for the Accord.

**3.** The Bankruptcy Court in *Daugherty* rejected the debtor's argument she had only bare legal title in a vehicle her husband purchased which was titled jointly in their names using the disjunctive "or."

■ The Debtor's position is contradictory to Fla. Stat. Section 710.111(1)(f), which specifically allows for the titling of tangible personal property as custodial property. The statute provides custodial property is created and a transfer is made whenever:

> (f) A certificate of title issued by a department or agency of a state or of the United States which evidences title to tangible personal property is either:
>
> 1. Issued in the name of the transferor, an adult other than the transferor, or a trust company, followed in substance by the words: 'as custodian for (*name of minor*) under the Florida Uniform Transfers to Minors Act....'[4]

The Certificate of Title does not reflect the Vehicle was intended to be held as custodial property pursuant to Section 710.111(1)(f).

■ The Debtor presented no trust agreement or other evidence establishing the Vehicle is being held in trust for the benefit of the daughter. The burden of establishing the existence of a trust relationship is on the party claiming the benefit of such a relationship. *Georgia Pacific Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 969 (5th Cir.1983). The Debtor presented no evidence establishing she holds an equitable lien in the Vehicle. *In re Coburn*, 250 B.R. 401, 404 (Bankr.M.D.Fla.1999) (holding "If a party does not follow the requirements of [Fla. Stat.] Chapter 319, the party cannot later assert any ownership or lien interest in the car.").

■ The Debtor's obtaining insurance coverage for the Vehicle, payment of the premiums, and payment of the maintenance costs is inconsistent with her asser-tion she has no beneficial or equitable interest in the Vehicle. Payment of such costs evidences beneficial ownership. *J.R. Brooks & Son, Inc. v. Quiroz*, 707 So.2d 861, 862 (Fla. 3d DCA 1998); *Carlton v. Johns*, 194 So.2d 670, 673 (Fla. 4th DCA 1967); *Register v. Redding*, 126 So.2d 289, 293 (Fla. 1st DCA 1961).

The Debtor has not presented competent, clear, and compelling evidence she does not hold a beneficial interest in the Vehicle. She holds both legal and equitable ownership interests in the Vehicle. Section 541(a) of the Bankruptcy Code broadly defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." The Debtor's interest in the Vehicle constitutes non-exempt property of the estate pursuant to Section 541(a)(1). The Vehicle is subject to turnover and administration by the Trustee pursuant to Sections 542(a), 704(a), and 363(f) of the Bankruptcy Code.

The Trustee is authorized to sell the Vehicle pursuant to Section 363(h) and, after deducting all ordinary and necessary costs and expenses of sale, shall divide the remaining proceeds into two equal shares. 11 U.S.C. § 363(h); *Beal Bank, SSB v. Almand and Assocs.*, 780 So.2d 45, 53 (Fla.2001) (holding each share in a joint tenancy is "presumed to be equal for purposes of alienation."); *In re Daniels*, 309 B.R. 54, 56–7 (Bankr.M.D.Fla.2004). The estate is entitled to a fifty-percent share of the sale proceeds and the Debtor's daughter is entitled to the other fifty-percent share. The Debtor shall have fourteen days to deliver the Vehicle to the Trustee.

The Court would entertain a motion by the Debtor to amend her exemptions or dismiss or convert the case to Chapter 13.

---

**4.** A transfer made pursuant to Section 710.111 is irrevocable and the custodial property is indefeasibly vested in the minor. Fla. Stat. § 710.113(2). A "minor" is "an individual who has not attained the age of 21 years." Fla. Stat. § 710.103(11).

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that Trustee's Motion (Doc. No. 17) is hereby **GRANTED** and the Debtor's interest in the Vehicle constitutes property of the estate pursuant to 11 U.S.C. Section 541(a) and is subject to turnover and administration by the Trustee pursuant to 11 U.S.C. Sections 363(f) and 363(h); and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Debtor is hereby directed to deliver the Vehicle to the Trustee within fourteen (14) days of the date of entry of this Order; and it is further

**ORDERED, ADJUDGED and DE-CREED** that Bethany M. Kirk, the joint owner of the Vehicle, is entitled to a distribution, after deducting all ordinary and necessary costs and expenses of sale, of one half of the proceeds of sale of the Vehicle.