WALLACE, Judge.
Shea R. Batson appeals the dismissal of his postconviction motion that the post-conviction court treated as a motion to withdraw plea. Mr. Batson challenges the postconviction court’s dismissal of his motion for rehearing of the original order of dismissal as untimely filed. The postcon-viction court dismissed the motion for rehearing as untimely because the order dismissing Mr. Batson’s motion for post-conviction relief was served on January 18, 2012, and Mr. Batson’s motion for rehearing was filed[1] on February 3, 2012, which exceeded the fifteen-day time limit of Florida Rule of Criminal Procedure 3.850(h) by one day.
This was error. Because the order dismissing Mr. Batson’s motion for postcon-viction relief was served by mail, Mr. Bat-son was entitled to three extra days — or a total of eighteen days from the date of the order — to file his motion for rehearing. See Fla. R.Crim. P. 3.070; Whipple v. State, 867 So.2d 433, 433 (Fla. 1st DCA 2004). Because the motion was filed on the sixteenth day from service of the post-conviction court’s order dismissing Bat-son’s postconviction motion, the motion for rehearing was timely. Accordingly, we reverse and remand for the postconviction court to consider the motion for rehearing on the merits. See DeLisi v. State, 780 So.2d 174,175 (Fla. 2d DCA 2001).
Reversed and remanded.
KHOUZAM and MORRIS, JJ., Concur.

. The trial court correctly relied on the prison mail room stamp for this date.