PER CURIAM.
Appellant seeks review of an order denying his rule 3.850 motion for postconviction relief following an evidentiary hearing. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.
The order challenged by Appellant was rendered on July 22, 2013, when it was filed with the clerk of the lower tribunal. See Fla. R. App. P. 9.020(i) (defining “rendition”). The deadline for filing a notice of appeal was 30 days after the date the order was rendered, which was August 21, 2013. See Fla. R. Crim. P. 3.850(k); Fla. R. App. P. 9.110(b). Appellant’s notice of appeal was not filed until August 22, 2013, when it was received by the clerk of the lower tribunal. See Fla. R. Jud. Admin. 2.516(e) (defining “filing”).
Because it appeared that the notice of appeal was filed one day late, wé directed Appellant to show cause why we should not dismiss the appeal for lack of jurisdiction. In response, Appellant argued:
The lower court’s order was filed on July 22, 2013. Appellant’s notice of appeal was filed by mail. The Notice of Appeal was mailed to the Leon County Clerk of Court on August 21, 2013, received and date stamped by the Leon County Clerk on August 22, 2013.... According to the mailbox rule, which is cited in Fla. R. Crim. P. 3.070 and Batson v. Florida, 99 So.3d 626 (Fla. 2d DCA 2012), the Notice of Appeal was filed timely because it was mailed within the thirty-day limit.
This argument is meritless. First, and foremost, Appellant’s assertion that the notice of appeal was timely “because it was mailed within the thirty-day limit” is contrary to well-settled, black letter law establishing that the timeliness of an appeal is determined by the date that the notice of appeal is filed with the clerk of the lower tribunal, not the date that it is mailed to the clerk. See, e.g., Millinger v. Broward Cnty. Mental Health Div. & Risk Mgmt., 672 So.2d 24, 26 (Fla.1996) (“It is a settled rule of law that mailing, as opposed to filing, a notice within the thirty-day filing period is insufficient to preserve appellate rights.”); Raysor v. Raysor, 706 So.2d 400, 401 (Fla. 1st DCA 1998) (“In order to be timely, a notice of appeal must be filed with the appropriate court within the required time, and merely mailing the notice or having the notice placed in a post office box within the required time period is not sufficient.”); Coca Cola Foods v. Cordero, 589 So.2d 961, 961 (Fla. 1st DCA 1991) (“It is well settled that to be timely a notice of appeal must be filed in the appropriate court within the appropriate time period. Mailing the notice within the time period is not sufficient. If the notice is not timely filed, we lack jurisdiction and must dismiss the appeal.”) (emphasis in original and citations omitted).
Second, the “mailbox rule” is not contained in (or even cited in) rule 3.070; it is contained in the appellate rules and only applies to filings by “pro se inmatefs] confined in an institution.” See Fla. R.App. P. 9.420(a)(2). The rule has no application *548 here because Appellant is represented by counsel and, according to the certifícate of service, the notice of appeal was mailed to the clerk of the lower tribunal by Appellant’s counsel. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (explaining that the “mailbox rule” applies only to pro se litigants who are incarcerated and that “[o]ther litigants who have means of controlling the delivery of documents to the courthouse will continue to be subject to the traditional rules”).
Third, Appellant’s reliance on rule 8.070 and Batson is misplaced. The rule provides that an additional three days shall be added to the time period in which a party is required to take action, but only when the time period at issue runs from “the service of a notice or other document” on the party. Batson applied this rule in the context of a rule 8.850 motion, but the case involved the deadline for filing a motion for rehearing, which was calculated from “the date of service of the order.” See Fla. R. Crim. P. 3.850(j) (“Any party may file a motion for rehearing of any order addressing a motion under this rule within 15 days of the date of service of the order.”). By contrast, the 30-day period for filing a notice of appeal runs from rendition of the challenged order, not service of the order. See Fla. R. App. P. 9.110(b) (“Jurisdiction of the court ... shall be invoked by filing a notice ... within 30 days of the rendition of the order to be reviewed.”). Thus, even if an order is received by mail, no additional time is added to the 30-day period within which a notice of appeal must be filed. See Bouchard v. Dep’t of Bus. & Prof. Reg., 448 So.2d 1126, 1127 (Fla. 2d DCA 1984) (dismissing untimely appeal and explaining that the appellate rule providing five additional days to perform an act required to be done after service of a document by mail does not apply to the filing of the notice of appeal because the 30-day period for filing the notice is triggered by rendition of the order to be reviewed, not service of the order).
Here, because the notice of appeal was received by the clerk of the lower tribunal one day after the 30-day deadline, we do not have jurisdiction to review the challenged order and this appeal must be dismissed. However, this disposition is without prejudice to Appellant’s right to seek a belated appeal in accordance with rules 3.850(Z) and 9.141(c). See Butler v. State, 920 So.2d 66, 67 (Fla. 1st DCA 2005) (dismissing untimely appeal “without prejudice to appellant’s right to file a petition for belated appeal”).
DISMISSED.
BENTON, WETHERELL, and SWANSON, JJ., concur.