# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1981
Lower Tribunal No. 06-2197
_____

**Mark David Ivey,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Mark David Ivey, in proper person.

Pamela Jo Bondi, Attorney General, and Arlisa Certain, Assistant Attorney General, for appellee.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.


ON MOTION TO DISMISS

LAGOA, J.

Appellant, Mark David Ivey ("Ivey"), seeks review of the trial court's order denying his motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800. Appellee, the State of Florida (the "State"), moves to dismiss this appeal for lack of jurisdiction because the notice of appeal was not timely filed. Because Ivey filed his notice of appeal eight days after the deadline prescribed in Florida Rule of Criminal Procedure 3.850(k) and Florida Rule of Appellate Procedure 9.110(b), we grant the State's motion to dismiss.

In Ivey v. State, 47 So. 3d 908 (Fla. 3d DCA 2010), this Court vacated Ivey's conviction for vehicular homicide and leaving the scene of a fatal accident based on double jeopardy grounds, and affirmed his DUI manslaughter conviction and sentence. The mandate issued on December 9, 2010. On April 3, 2015, Ivey filed a Rule 3.800 motion to correct the illegal sentence, which the trial court denied. This order, now challenged by Ivey, was rendered on July 10, 2015, when it was filed with the clerk of the lower tribunal. See Fla. R. App. P. 9.020(i) (defining "rendition"). The deadline for filing the notice of appeal was thirty days after the date the order was rendered, which was August 10, 2015.[1] See Fla. R. Crim. P. 3.850(k); Fla. R. App. P. 9.110(b). Ivey's notice of appeal was not filed until August 18, 2015, when he tendered a copy of the notice to a corrections official pursuant to the "mailbox rule." See Fla. R. App. P. 9.420(a)(2)(A) ("The

_____

[1] Because the thirtieth day fell on Sunday, August 9, 2015, the notice was due on Monday, August 10, 2015.

2

document shall be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing . . . .").

As the Supreme Court of Florida explained in Haag v. State, 591 So. 2d 614 (Fla. 1992),

> [u]nder the mailbox rule, a petition or notice of appeal filed by a pro se inmate is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state. Usually, this point occurs when the inmate places the document in the hands of prison officials.

Id. at 617; accord Joseph v. State, 157 So. 3d 546, 547-48 (Fla. 1st DCA 2015); Raysor v. Raysor, 706 So. 2d 400, 401 (Fla. 1st DCA 1998). This version of the mailbox rule applies only to pro se petitioners, like Ivey, who are incarcerated. See Haag, 591 So. 2d at 617. At the time his notice of appeal was filed, Ivey was an inmate at the Dade Correctional Institution, which maintains a system for outgoing inmate mail. When an inmate presents a document for mailing to a corrections officer, that officer places a stamp on the document, and the inmate is required to initial the stamp in order to verify the date the document was tendered to the corrections officer. Here, the stamp on Ivey's notice of appeal bears his initials, "MDI," and the date of August 18, 2015, which was eight days after the deadline for filing his notice of appeal. Because the certificate of service on Ivey's notice of appeal demonstrates it was tendered to a corrections officer more than thirty days following rendition of the order, we dismiss the appeal as untimely

3

filed.  See Jackson v. State, 64 So. 3d 684 (Fla. 2d DCA 2011) (dismissing appeal as untimely where defendant in postconviction proceedings served notice of appeal on thirty-first day following rendition of order).

DISMISSED.