# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0934
LT Case No. 2018-DR-147-DVAX

_____

LARRY JAMISON,

    Appellant,

    v.

CHAUNTRELL KNOX,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

Larry L. Jamison, Lake Butler, pro se.

Chauntrell Knox, Jacksonville, pro se.

August 9, 2024


LAMBERT, J.

Larry Lee Jamison appeals the trial court's order denying his motion to vacate the final judgment of injunction for protection against dating violence that had been entered against him in June 2018 in favor of Appellee, Chauntrell Knox. Jamison argues that the trial court erred in denying his motion without affording him an evidentiary hearing to show that the current circumstances are now such that the need for the injunction no longer exists. While

Jamison's argument appears to have merit,[1] we are compelled to dismiss this appeal because Jamison has failed to timely invoke our jurisdiction.

Review of the order now before us is permitted under Florida Rule of Appellate Procedure 9.130(a)(5). Significant here, for this court to properly exercise its jurisdiction, Jamison's notice of appeal must have been filed within thirty days of the rendition of the subject order. *See* Fla. R. App. P. 9.130(b).

The trial court's order denying Jamison's motion to vacate the final judgment of injunction was rendered on February 23, 2024. Jamison then filed a motion for rehearing/reconsideration of this order. However, under rule 9.130(a)(5), this motion for rehearing was unauthorized; and, secondly, its filing did not toll the time for Jamison to file his notice of appeal.

After the lower court denied his motion for rehearing, Jamison filed his notice of appeal on March 27, 2024, which was more than thirty days after the February 23, 2024 denial order was rendered. Resultingly, his notice of appeal was untimely; and, accordingly, we lack jurisdiction to consider this appeal.[2] *See Williams v. State*, 386 So. 3d 200, 201 (Fla. 1st DCA 2023) ("The failure to file a timely notice of appeal deprives [an appellate] [c]ourt of

---

[1] *See Brown v. Armstrong*, 348 So. 3d 670, 670 (Fla. 5th DCA 2022); *Brown v. Garcia*, 322 So. 3d 782, 782 (Fla. 5th DCA 2021); *Champion v. Zuilkowski*, 182 So. 3d 689, 689 (Fla. 5th DCA 2015); *Raymonvil v. Lewis*, 46 So. 3d 139, 139–40 (Fla. 5th DCA 2010); *Reed v. Reed*, 816 So. 2d 1246, 1247 (Fla. 5th DCA 2002). To be clear, we take no position on the merits of Jamison's motion to vacate the final judgment of injunction for protection.

[2] Jamison's notice also indicated that he was appealing the trial court's order denying his motion for rehearing. This order is not independently reviewable. *See Ricardo v. Wells Fargo Bank Nat'l Ass'n*, 166 So. 3d 967, 968 (Fla. 3d DCA 2015).

jurisdiction." (citing *Joseph v. State*, 157 So. 3d 546, 548 (Fla. 1st DCA 2015))).[3]

APPEAL DISMISSED.

WALLIS and SOUD, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[3] Although Appellee did not raise the issue of our jurisdiction, an appellate court is required to assess its own jurisdiction. *Nacius v. One W. Bank, FSB*, 211 So. 3d 152, 153 (Fla. 4th DCA 2017) (recognizing that an appellate court is required to assess its own jurisdiction even when not raised by the parties) (citations omitted).