448 So.2d 1126 (1984)
Conrad F. and Shirley BOUCHARD, d/b/a Brandon Beverage Center, Appellants,
v.
STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 84-455.
District Court of Appeal of Florida, Second District.
April 6, 1984.
Rehearing Denied April 30, 1984.
Daniel M. Hernandez, Tampa, for appellants.
Harold F.X. Purnell, Tallahassee, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
The notice of appeal herein was filed more than 30 days (but within 35 days) after rendition of the order from which review is sought. Consequently, appellee has moved to dismiss this appeal. Appellants, in their response, rely on Florida Rule of Appellate Procedure 9.420(d) as extending the 30-day time limit for appeals by five days. Other appellants have relied on this rule to extend the time for filing of the notice of appeal, but to no avail. See Speed v. Fla. Dept. of Legal Affairs, 387 So.2d 459 (Fla. 1st DCA 1980) and Franchi v. Fla. Dept. of Commerce, etc., 375 So.2d 1154 (Fla. 4th DCA 1979).
We write this opinion because we perceive some misconception about the effect of Rule 9.420(d) among some appellate practitioners. The rule provides as follows:
Whenever a party or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period.
*1127 The rule provides for the additional five days only when some act is required to be done after service of a document by mail, not when the act is required to be done after rendition or filing of an order or judgment even though a mailing of the document rendered or filed may be involved. Thus, the extra five days does not apply to notices of appeal or motions for rehearing of an appellate decision.
The motion to dismiss as untimely is granted and this appeal is hereby dismissed.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.