490 So.2d 1029 (1986)
Hayward HIGHTOWER, Appellant,
v.
Mike BERRY, Appellee.
No. BH-159.
District Court of Appeal of Florida, First District.
June 25, 1986.
W. Paul Thompson, DeFuniak Springs, for appellant.
Robert T. Adams, Jr., Marrianna, for appellee.

ON MOTION FOR DISMISSAL
PER CURIAM.
The notice of appeal in this cause was filed on June 20, 1985, and the record was transmitted on October 28, 1985. No further activity took place until March of 1986, when we entered a sua sponte order directing appellant to show cause why the appeal should not be dismissed for failure to file the initial brief. In response, counsel for appellant informed the court that he had been ill for two months and requested permission to file a brief. This request was granted by an order extending the time for *1030 serving the initial brief "to and including April 9, 1986." The initial brief was filed in this court on April 15, 1986, and bears a certificate of service date of April 11, 1986.
The brief was neither filed nor received by opposing counsel until almost a week after it was due, and appellee moved to dismiss the appeal as a sanction. In response to this court's order to show cause, appellant states that the brief was placed in the mail late on April 11, 1986, which was a Friday, and that counsel has no other explanation of the delay between the service date and the filing date. Counsel made no attempt to explain why the brief was served two days after the deadline established by our previous order.
Although declining to impose sanctions, we take this occasion to clarify a common misunderstanding of Rule 9.420(d), Florida Rules of Appellate Procedure, which provides:
(d) Additional Time After Service by Mail. Whenever a party or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period.
The above-quoted rule does not provide an additional five days' mailing time in all instances where a document is mailed.
First, we note that, by its terms, the rule only applies to documents which are to be served and not to those required to be filed, as, for example, notices of appeal and motions for rehearing (see infra footnote 3). Thus, under Rule 9.420(d), a party may add five days to the date a document is due only if the time period for doing an act is commenced by the service of a preceding document, and the preceding document is served by mail. For example, answer briefs are due 20 days after the initial brief.[1] Therefore, if the initial brief is served by mail, the answer brief may be served, i.e., placed in the mail,[2] up to 25 days after the service date of the initial brief. Rule 9.420(d) does not permit a party to add five days to the due date when, as here, a document is due to be either served or filed by a specified date. If a document is to be served by a specified date, the certificate of service must bear a date no later than that specified.[3] However, if a document is to be filed by a date certain, that document must be physically lodged in the clerk's office no later than that specified date.[4]
Based on the foregoing, it becomes clear that the initial brief, due April 9, had to be served (by mailing or otherwise) on or before April 9, and was not timely. With that explanation being made and in view of common misunderstanding of the rule, we decline to impose the severe sanction of dismissal in this case, with a warning to counsel that future noncompliance with requirements of the Florida Rules of Appellate Procedure may result in the imposition of sanctions.
BOOTH, C.J., and ERVIN and THOMPSON, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.210(f).
[2] Fla.R.App.P. 9.420(c)(1).
[3] Where an order required, for example, service "within 10 days of the date of this order," the five-day time is allowable; but where the order provides for service within so many days of receipt of the order, no additional time for mailing is allowed.
[4] See, e.g., Rule 9.330, Florida Rules of Appellate Procedure, providing that a motion for rehearing may be filed within 15 days of an order and that a response to the motion may be served within 10 days of service of the motion. The motion must be filed with the court no later than 15 days of the order sought to be reheard, but 5 days may be added to the date the response must be served if the motion was served by mail.