513 So.2d 1363 (1987)
Deborah Ann SHIELDS, Appellant,
v.
COLONIAL PENN INSURANCE COMPANY, Appellee.
No. 87-530.
District Court of Appeal of Florida, Fifth District.
October 22, 1987.
R. David Ayers, Jr., Winter Park, for appellant.
John R. Darin, II of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellee.
ORFINGER, Judge.
The notice of appeal was filed too late, so we have no jurisdiction and the appeal is dismissed. In response to a sua sponte order to show cause why the appeal should not be dismissed, appellant argues that because the notice of appeal was mailed within the jurisdictional time limit, the appeal is timely. Unfortunately, timely mailing does not suffice. Florida Rule of Appellate Procedure 9.110(b) provides that "[j]urisdiction of the Court ... shall be invoked by filing two copies of a notice ... within 30 days of rendition of the order to be reviewed" (emphasis added). Thus, the filing date determines jurisdiction, not the mailing date. See Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978); Bouchard v. State, Dept. of Business Regulation, Div. of Alcoholic Beverages and Tabacco, 448 So.2d 1126 (Fla. 2d DCA 1984). Appellant erroneously relies on Rule 9.420(d) to extend the thirty day time limit by five additional days because the notice was mailed. That rule does not apply to the filing requirement of *1364 a notice of appeal. Bouchard, supra. Here, the last day for filing the notice of appeal was March 23, 1987. Because the notice was filed after that date, we have no jurisdiction.
APPEAL DISMISSED.
UPCHURCH, C.J., and SHARP, J., concur.