557 So.2d 939 (1990)
Edward Louis TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-70.
District Court of Appeal of Florida, Fifth District.
March 8, 1990.
Edward Louis Turner, Belle Glade, pro se.
No appearance, for appellee.
PER CURIAM.
Florida Rule of Appellate Procedure 9.110(b) requires that a notice of appeal be filed within 30 days of rendition of the order or judgment to be reviewed. A signed written order denying the defendant's motion for post-conviction relief (Fla. R.Crim.P. 3.850) was filed on December 8, 1989. The defendant mailed his notice of appeal which was filed with the clerk of the lower tribunal on January 9, 1990. The defendant argues that Florida Rule of Appellate Procedure 9.420(d) affords him an additional 5 days to the 30 day limitation contained in Rule 9.110(b). Rule 9.420(d) provides that whenever a party is required or permitted to do an act within some prescribed time after service of a document which document was served by mail, five additional days shall be added to the prescribed period. A notice of appeal is required to be filed within a prescribed period (30 days) after rendition of the appealed order. Rendition means the filing, not service of, a signed written order with the clerk of the lower tribunal (Rule 9.020(g)). Rule 9.420(d) does not allow an additional 5 days for the filing of a notice of appeal by mail. See Bouchard v. State, Dept. of Business Regulation, Div. of Alcoholic Beverages and Tobacco, 448 So.2d 1126 (Fla. 2d DCA 1984); Speed v. Florida Department of Legal Affairs, 387 So.2d 459 (Fla. 1st DCA 1980); Franchi v. Florida Department of Commerce, Division of Employment Security, Board of Review, 375 So.2d 1154 (Fla. 4th DCA 1979). Cf. Shields v. Colonial Penn Insurance Co., 513 So.2d 1363 (Fla. 5th DCA 1987) (timely mailing of notice of appeal within 30 days does not suffice).
APPEAL DISMISSED.
DANIEL, C.J., and COWART and GOSHORN, JJ., concur.