647 So.2d 1060 (1994)
Taccara Shimere ALLEN, Ashley Sierra Allen, Shikita Shanel Allen, and Tiara Romona Allen, Appellants,
v.
LIVE OAK FORD MERCURY, Florida Automobile Dealers Self Insurers Fund, c/o Executive Risk Consultants, Inc., Appellees.
No. 94-2694.
District Court of Appeal of Florida, First District.
December 23, 1994.
William Roberts, Jr., Jacksonville, for appellants.
M. Wayne Myers, Jacksonville, for appellees.
PER CURIAM.
Appellants seek review of an unfavorable order of the Judge of Compensation Claims (JCC) which was dated and mailed to the parties on July 6, 1994. The notice of appeal was filed with the JCC on August 10, 1994. No separate notice was filed with this court. As it appeared the notice of appeal was untimely, appellants were directed to show cause why the appeal should not be dismissed for lack of jurisdiction. No response was timely filed and the appeal was dismissed.
Appellants have moved this court for rehearing of that order, stating that a timely response to the show cause order was mailed. Counsel for appellants is unable to explain why a copy of the response did not reach the clerk of this court. Appellants attach a copy of the response on the jurisdictional question, wherein they rely on Florida Administrative Code rule 38E-2.003(3). This rule provides that "Appeals filed by mail shall be considered to have been filed when postmarked by the United States Postal Service... ." Additionally, appellants rely on Florida Rule of Appellate Procedure 9.420(d) which states that "If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period." Since the order of the JCC was sent to the parties through the mail, appellants assert they had thirty-five days in which to file the notice of appeal and argue that it was therefore timely.
*1061 Rehearing is granted of the prior order which dismissed the appeal as appellant's response was apparently misplaced or mishandled and we will consider appellant's arguments. However, the notice of appeal was not timely filed and this cause must be dismissed for lack of jurisdiction. The administrative rule to which appellants refer concerns an administrative appeal in an unemployment compensation proceeding and that rule is clearly not applicable in appeals taken to this court. See First Nat'l Bank v. Florida Unemployment Appeals Comm'n, 461 So.2d 208 (Fla. 1st DCA 1984). Appellants' reliance on Florida Rule of Appellate Procedure 9.420(d) is similarly misplaced as that rule is not applicable in determining the time within which a notice of appeal may be filed. Bouchard v. State, Dep't of Business Regulation, Div. of Alcoholic Beverages and Tobacco, 448 So.2d 1126 (Fla. 2d DCA 1984); Franchi v. Florida Dep't of Commerce, Div. of Employment Sec., Bd. of Review, 375 So.2d 1154 (Fla. 4th DCA 1979). We therefore conclude that the notice of appeal was not filed within the thirty-day period either with the JCC or with this court and accordingly we must dismiss this appeal for lack of jurisdiction.
DISMISSED.
ZEHMER, C.J., and KAHN and VAN NORTWICK, JJ., concur.