752 So.2d 77 (2000)
Brenda BURKETTE, Petitioner,
v.
Jo Ann SHARP, Respondent.
No. 2D99-3237.
District Court of Appeal of Florida, Second District.
February 18, 2000.
*78 Brenda Burkette, pro se.
Michael P. Maddux, Tampa, for Respondent.
PER CURIAM.
Brenda Burkette has filed a petition for writ of certiorari requesting this court to review an order of the circuit court dismissing an appeal from a final judgment issued in county court. Because the circuit court sitting in its appellate capacity applied the incorrect law, we grant the petition for certiorari, quash the order of the circuit court, and remand for circuit court to consider Burkette's appeal on its merits.[1]
Burkette's appeal was dismissed by the circuit court as untimely filed. Although the order that Burkette attempted to challenge in her appeal was signed on April 22, 1999, it was not filed until April 29, 1999. Her notice of appeal was filed on May 28, 1999. Florida Rule of Appellate Procedure 9.110(b) provides that jurisdiction of the court is invoked by filing the notice of appeal within thirty days of rendition of the order to be reviewed. Florida Rule of Appellate Procedure 9.020(h) defines rendition as when the signed order is filed with the clerk of the court. Consequently, the notice was timely filed, and the circuit court applied the incorrect law when it dismissed the appeal as untimely. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
Petition granted; order of the circuit court quashed; remanded for further proceedings.
CAMPBELL, A.C.J., and GREEN and DAVIS, JJ., Concur.
NOTES
[1] The respondent, Jo Ann Sharp, asserts that Burkette's petition for certiorari was untimely filed in this court. Contrary to Sharp's contention that Burkette's motion for rehearing filed in the circuit court is not an authorized motion, the motion for rehearing is authorized under Florida Rule of Appellate Procedure 9.020(h). Burkette's certiorari petition was filed within thirty days of rendition of the order denying the motion for rehearing, and properly invoked the jurisdiction of this court. See Fla. R.App. P. 9.100(c)(1).