PER CURIAM.
Scott Wibbens petitions this court for a writ of mandamus, complaining that the Circuit Court for Duval County improperly dismissed his certiorari petition. We have jurisdiction in accordance with Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002).
Wibbens’ certiorari petition challenged an order of the Department of Highway Safety and Motor Vehicles which suspended his driver’s license. At issue is the timeliness of the certiorari petition. The department’s order was signed and dated by the hearing officer who issued it on October 3, 2006. The certiorari petition was filed with the circuit court on November 3, 2006, thirty-one days later. Florida Rule of Appellate Procedure 9.100(c)(1) provides that a certiorari petition must be filed within 30 days of rendition of the order sought to be reviewed. This time limit is jurisdictional and failure to meet it will result in dismissal of the petition. Hofer v. Gil De Rubio, 409 So.2d 527 (Fla. 5th DCA 1982). Thus, the date of rendition of the order must be established in order to ascertain whether the circuit court’s jurisdiction was timely invoked.
The department’s own rule, FAC Rule 15A-6.013(12), provides that “the date of rendition of a final order shall be the date of mailing entered on the driver license record.” Wibbens attached to his motion for rehearing in the circuit court a copy of an envelope which provided prima facie evidence that the order was mailed to him on October 4, 2006. Neither party provided the circuit court with any evidence of when such mailing was entered on Wib-bens’ driver license record, although two different versions of petitioner’s record are now before this court as inclusions in the parties’ appendices. One makes no mention of the order in question. The other, a more complete record, contains an entry of October 3, 2006, which simply states “final order of suspension rendered” on that date. The department relies on this version of Wibbens’ driver record to argue that the certiorari petition was untimely and correctly dismissed.
In this court’s view, the entry described above is not conclusive of the matter. To comply with the department’s rule, the driver license record must reflect a date when the order is mailed to the licensee. A docket entry which states that an order was rendered on a particular date is insufficient. Instead, the entry must describe a particular action, such as filing of the order with the clerk or, as in this case, mailing of the order to the parties.[1] The appellate tribunal, as arbiter of its own jurisdiction, must determine when the lower tribunal’s order was rendered.
Upon consideration of the above, we find that the order suspending Wibbens’ license has not yet been rendered as that term is defined by the department’s rule. Thus, the time for review of that order has not *505 yet begun and there is no rendered order for the circuit court to review. Mitchell v. Leon County Sch. Bd., 591 So.2d 1032 (Fla. 1st DCA 1991); see also Sibley v. State, 876 So.2d 1278 (Fla. 5th DCA 2004); Burkette v. Sharp, 752 So.2d 77 (Fla. 2d DCA 2000). The circuit court therefore correctly dismissed the certiorari petition, although for the wrong reason. The petition for writ of mandamus must accordingly be denied, but this disposition is without prejudice to petitioner’s right to seek review in the circuit court once the order has been properly rendered by the making of an entry in his drivers license record that the order was mailed to him. The department must give Wibbens notice of such entry in order to comply with due process. Finally, we note that our holding today does not result in invalidation of a multitude of departmental orders. See Latin Express Serv., Inc. v. Dep’t of Revenue, 660 So.2d 1059 (Fla. 1st DCA 1995).
PETITION DENIED.
BROWNING, C.J., KAHN, and LEWIS, JJ., concur.

. Mailing of the order to the parties is rendition in workers' compensation proceedings. Fla. R.App. P. 9.180(b)(3).