967 So.2d 1035 (2007)
Nick KALOYIOS, Jr., Petitioner,
v.
REGAL HOMES OF CENTRAL FLORIDA, INC., Respondent.
No. 5D07-1812.
District Court of Appeal of Florida, Fifth District.
November 2, 2007.
*1036 Marcus S. Lawrence, Jr., of Thorn Lawrence, P.L., Tampa, for Petitioner.
Richard W. Hennings, of Richard W. Hennings, P.A., Tavares, for Respondent.
PER CURIAM.
Petitioner, Nick Kaloyios, Jr., seeks certiorari review of an order dismissing his circuit court appeal. An order dismissing an appeal is reviewable by certiorari. See, e.g., Lindsey v. King, 894 So.2d 1058 (Fla. 1st DCA 2005); Perez & Perez, M.D., P.A. v. Holder, 867 So.2d 622 (Fla. 2d DCA 2004). As explained below, we grant the petition and quash the order of dismissal.
Petitioner appealed a county court order granting a motion to stay and to compel arbitration in a suit that had been filed by Respondent, Regal Homes of Central Florida, Inc. After filing the appeal, Petitioner received an "appellate notice" letter from the presiding judge of the appellate division in Hernando County, advising him that his initial brief would be due on April 2, 2007, seventy days from the date of the letter, rather than seventy days from the filing of the notice of appeal. The letter further advised that the failure to file a timely brief would result in the appeal being dismissed.
Because Petitioner's counsel received the letter by mail, he concluded, erroneously as it would turn out, that he had an additional five days within which to file his brief, pursuant to Florida Rule of Appellate Procedure 9.420(e). That rule provides that if a party is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, five days shall be added to the prescribed period. Consequently, Petitioner thought that the time for filing his initial brief did not expire until April 9, 2007, and, of course, that is when it was filed.[1] However, unbeknownst to Petitioner, the circuit court had signed an order dismissing the appeal on April 5, 2007. Petitioner did not receive notice of the order of dismissal until April 10, 2007. That same day, Petitioner filed a *1037 motion to reconsider the order of dismissal, which was denied. Petitioner now seeks certiorari review of that order.
In dismissing the appeal below, the trial court relied on Hightower v. Berry, 490 So.2d 1029 (Fla. 1st DCA 1986), and Gillespie v. City of Destin, 946 So.2d 1195 (Fla. 1st DCA 2006). In Hightower, an order extending the time for filing the initial brief was issued, informing the appellant that he had until April 9, 1986, to serve the initial brief. The initial brief was filed on April 15, 1986, and had a certificate of service date of April 11, 1986. Although declining to impose the sanction of dismissal, the First District Court took the occasion to clarify a common misunderstanding concerning the rule, which enlarges the time for serving or filing a document after service by mail (currently rule 9.420(e)). The First District Court held that the rule does not provide an additional five days mailing time in all instances. The appellate rules provide that an answer brief is due to be served twenty days after the initial brief is served. See Fla. R.App. P. 9.210(f). If the initial brief is served by mail, the answer brief may be served within twenty-five days after the service date of the initial brief. On the other hand, an initial brief must be served within seventy days of the filing of the notice of appeal. See Fla. R.App. P. 9.110(f). The time period for the initial brief is not measured from service of an order or notice. In the instant case, the time period for the initial brief did not commence on the date that the letter was served because the letter contained a specific due date for the initial brief. If a document is due to be either served or filed by a specified date, it must be served or filed no later than that specified date. See Hightower, 490 So.2d at 1030. Therefore, under Hightower, Petitioner was required to file his brief by April 2, 2007, the date specified in the letter.
In Gillespie, the circuit court entered an order requiring the initial brief to be filed within ten days of the date of the order. The ten-day period ended on Monday, November 14, 2005, but the initial brief was not filed until the morning of November 15, 2005. When the appellee filed a motion to dismiss the appeal, the appellant responded that the initial brief was timely filed in view of the five-day enlargement contemplated under the appellate rules. The circuit court dismissed the appeal. On certiorari review, the First District Court rejected the appellant's argument that he had five additional days to file the initial brief. The initial brief was not required to be filed within some prescribed time after the service of a document. The order in Gillespie required the initial brief to be filed within ten days of the date of the order. However, the First District Court granted certiorari relief, and held that the dismissal was not an appropriate sanction.
As the First District Court explained in Lindsey v. King, 894 So.2d 1058, 1060 (Fla. 1st DCA 2005):
Public policy in Florida favors deciding controversies on their merits, even when an initial brief is untimely filed. See United Auto. Ins. Co. v. Total Rehab. & Med. Ctr., 870 So.2d 866, 869 (Fla. 3d DCA 2004) (citing North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962); Apolaro v. Falcon, 566 So.2d 815, 816 (Fla. 3d DCA 1990)). As the Fourth District (sic) has noted, the appellate rules allow for extensions of time for most steps in the appellate process, including for the filing of briefs. See United Auto., 870 So.2d at 869. "Where the court becomes aware that the initial brief has not been filed, but there was no previous `no further extensions' order, it is customary to enter an order giving the party ten days to file the initial brief with a warning that failure to comply may result in dismissal of the *1038 appeal." Id. at 869 n. 3. The Fourth District held that in fairness to the appellant, if failure to file the brief by the deadline will result in dismissal of the appeal, "there must be fair warning of that fact in advance." United Auto., 870 So.2d at 869. The Second District has agreed with the Fourth District's reasoning, noting that "[d]ue process requires that a court imposing a deadline on a litigant for the performance of a particular act give the litigant reasonable notice of the deadline before the deadline arrives." See Perez & Perez, 867 So.2d at 624 (citing United Auto., 870 So.2d at 869).
Lindsey further noted:
[T]he "great weight of Florida authority holds that the failure to file an initial brief by the deadline is not sufficient cause to justify dismissal of the appeal, unless there has been fair warning, in advance, that this consequence may flow from a late filing." United Auto., 870 So.2d at 869 (citations omitted). In the absence of particularly egregious conduct, the failure to timely file a brief is not a serious enough violation to warrant dismissal of an appeal. Irvin [v. Williams], 736 So.2d [705,] 706 [(Fla. 1st DCA 1999)].
Id., 894 So.2d at 1060 (emphasis added).
Florida Rule of Appellate Procedure 9.410 requires the court to give ten days notice before imposing, on its own motion, sanctions such as reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs and attorney's fees, for the violation of any of the appellate rules. While the circuit court gave notice in advance of the sanction to be imposed, as the letter stated that any appellant who does not file a timely appellate brief would have his or her appeal dismissed without hearing, dismissal of an appeal for the untimely filing of a brief serves only to penalize the client for the error of counsel, which is better addressed by the use of other sanctions such as fines, costs, reprimand, or contempt. See Gentry v. Gentry, 463 So.2d 511 (Fla. 1st DCA 1985); see also Magier v. Solomon & Benedict, P.A., 704 So.2d 685 (Fla. 2d DCA 1997) (holding that dismissal of petitioner's appeal was unwarranted sanction that resulted in clear departure from essential requirements of law).
Generally, the harsh sanction of dismissing an appeal is imposed when there is extreme, willful misconduct, or an intentional disregard of court orders or the appellate rules, which rises to the level of inexcusable neglect. See, e.g., Baron v. First Union Nat'l Bank of Fla., 792 So.2d 708 (Fla. 5th DCA 2001) (denying certiorari where circuit court dismissed appeal almost six months after appeal was initiated and there was no reasonable justification for delay in filing initial brief). In this case, the late filing of the initial brief appears to be the result of inadvertence. Even the appellate court in Hightower, referred to the "common misunderstanding" concerning the five-day enlargement of time period after service by mail. 490 So.2d at 1030. The deadline for filing a brief is not jurisdictional, and courts often extend the time for filing briefs if a timely request is made. Therefore, we grant the petition, as the circuit court's dismissal of the appeal was too harsh a sanction for counsel's inadvertent failure to file the brief in a timely fashion, and constitutes a departure from the essential requirements of law.
CERTIORARI GRANTED; ORDER OF DISMISSAL QUASHED.
GRIFFIN, THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] Friday, April 6, 2007, was Good Friday, and Saturday and Sunday, April 7 and 8, 2007, were excluded from the computation pursuant to Florida Rule of Appellate Procedure 9.420(f), which provides that "the last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday described below, in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday, nor holiday."