PER CURIAM.
 

 Claimant appeals, and the employer/carrier (E/C) cross-appeals, the Judge of Compensation Claims’ (JCC) order on temporary benefits, penalties, and interest.
 
 *1229
 
 Claimant’s argument has merit, and the E/C’s argument has merit in part.
 

 Claimant filed multiple petitions for benefits (PFBs). The relevant PFBs for this opinion were filed May 4, 2004; May 5, 2004; and August 19, 2004. Respectively, these PFBs sought temporary benefits, penalties, and interest, from April 2, 2004, and continuing; April 1, 2004, and continuing; and September 18, 2003 (the date of accident), and continuing. On June 19, 2006, Claimant filed a single piece of paper “dismissing] all pending Petitions for Benefits.” Thereafter, Claimant filed three more PFBs, two of which requested temporary benefits, penalties, and interest, from the date of accident and continuing.
 

 The JCC ruled on penalties and interest for the following time periods, as follows: Awarded penalties and interest for April 2 through 20, 2004; awarded temporary benefits and penalties and interest for May 1, 2004; denied penalties and interest for August 13 through 26, 2004; denied penalties and interest for July 27 through November 16, 2005; and awarded penalties and interest for March 31 through July 14, 2006.
 

 On appeal, Claimant argues penalties and interest should have been granted for July 27 through November 16, 2005. Her argument has merit.
 

 The record shows Claimant was eligible for temporary benefits from July 27 through November 16, 2005: No payments were made during that time; Claimant was not MMI during that time; and Claimant could work only sedentary jobs during that time.
 
 See Xerographics & Claims Ctr. v. Bender,
 
 558 So.2d 514, 515 (Fla. 1st DCA 1990). Moreover, during that time period, her entitlement to temporary benefits was not barred by the 104-week limit. § 440.15(2)(a), (4)(b), Fla. Stat. (2003). As of July 27, 2005, Claimant had not yet received 104 weeks of temporary benefits (and payment of such benefits through November 16, 2005, would not have exhausted the 104-week “bank”). The fact that Claimant was never awarded temporary benefits for that time does not bar penalties and interest, because temporary benefits aré payable without an award, and were due regardless of any ruling. Consequently, late payment entitles Claimant to penalties and interest.
 
 See
 
 § 440.20(6), (8), Fla. Stat. (2003).
 

 On cross-appeal, the E/C argues the pri- or voluntary dismissals barred the awards.
 
 *
 
 The E/C’s argument has merit in part.
 

 “A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice of voluntary dismissal .... [A] second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or [PFB] previously the subject of a voluntary dismissal.” Fla. Admin. Code R. 60Q-6.116(2). The JCC declined to apply this “two-dismissal” rule, finding, “only a single
 
 notice
 
 of voluntary dismissal was served on June 19, 2006.”
 

 The JCC’s reading of this rule is overly literal. The rule provides that
 
 “a
 
 [single] claim or petition” may be dismissed without prejudice. Logic suggests the second dismissal of that claim or petition would operate as an adjudication of denial. No rule precludes dismissing multiple claims by filing a single piece of paper; thus, Claimant’s filing contains multiple notices of voluntary dismissal. Consequently, the JCC erred in concluding, from the fact that only one piece of
 
 *1230
 
 paper was filed to dismiss multiple claims, that rule 60Q-6.116(2) could not apply.
 

 The two-dismissal rule bars the awards for the time periods of April 2, 2004, through April 20, 2004, and May 1, 2004. The dismissed PFBs of May 4, May 5, and August 19, 2004, included claims for temporary benefits, penalties, and interest, for those periods. Under the rule, Claimant’s second dismissal of these claims operated as an adjudication of denial of these claims. Consequently, the JCC erred in granting an award as to these time periods.
 

 In contrast, the two-dismissal rule does not bar awards of penalties and interest for July 27 through November 16, 2005, and March 31 through July 14,
 
 2006.
 
 Claimant’s voluntary dismissals were of PFBs filed before these time periods. It is impossible for PFBs that predated these time periods to have included claims for penalties and interest based on late payment of benefits due during these time periods, because Claimant could not have known the payments would be late. In other words, Claimant cannot seek penalties and interest for future, and, therefore, speculative, late payments.
 

 Consequently, we reverse the awards pertaining to April 2 through 20, 2004, and May 1, 2004; we reverse the denial of penalties and interest for July 27 through November 16, 2005; and we affirm the award of penalties and interest for March 31 through July 14, 2006. All other aspects of the order on review are affirmed.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 DAVIS, BROWNING and THOMAS, JJ., concur.
 

 *
 

 The denial of penalties and interest due for late payments between August 13 and 26, 2004, is not challenged by either party.