PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in denying his request for a change in treating physicians. Because the JCC found the employer/carrier (E/C) timely authorized an alternative physician when Claimant made his initial request, and Claimant failed to attend an appointment with the physician, we affirm the denial. See Butler v. Bay Ctr., 947 So.2d 570, 571 (Fla. 1st DCA 2006) (affirming JCC’s denial of claimant’s request for another pain management physician where claimant refused to first receive treatment from physician timely authorized by E/C).
We write, however, to address the JCC’s alternative basis for denial, an improper application of the reasoning in Mieses v. Applebee’s, 14 So.3d 1228 (Fla. 1st DCA 2009). In Mieses, this court reversed the JCC’s interpretation of Florida Administrative Code Rule 60Q-6.116(2), because the JCC declined to find that a “single notice of voluntary dismissal” could not dismiss more than one petition for benefits (PFB). Id. at 1229-30.
Here, Claimant filed a single PFB in October 2007 in which he raised alternative claims for medical benefits. Claimant subsequently filed a notice of voluntary dismissal of that PFB. In April and May 2009, Claimant again filed PFBs seeking medical benefits on alternative grounds.
In resolving those 2009 PFBs, the JCC correctly noted that Mieses stood for the proposition “that there was no rule precluding dismissing multiple claims by filing a single piece of paper.” From there, the JCC found it “reasonable to conclude, that multiple claims for the same benefits can be filed in a single petition.” Thus, the JCC reasoned, because Claimant in 2007 included two claims for the same benefit— an “alternate provider and alternate orthopedist” — in a single PFB, voluntarily dismissing that PFB operated as two dismissals for the same benefit and Claimant was now “barred by res judicata from again seeking that same benefit in a subsequent [PFB].”
This application of the holding in Mieses is error. Florida Administrative Code Rule 60Q-6.116(2) states:
A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice of voluntary dismissal at any time before the conclusion of the final hearing. Unless otherwise stated in the notice, the dismissal is without prejudice, except that a second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or [PFB] previously the subject of a voluntary dismissal.
(Emphasis added). Statutory construction rules require first that the statute, or the rule, as the case may be, be given its plain meaning. See Fla. Dep’t of Educ. v. Cooper, 858 So.2d 394, 396 (Fla. 1st DCA 2003) (holding that in construing statutes, courts must first look to statute’s plain language). Here, the rule clearly requires that the “second” dismissed PFB must have been dismissed “previously,” establishing the need for two separate documents dealt with on two separate occasions. Thus, the JCC’s application of Mieses (holding that a party can dismiss *828 two or more PFBs with a single notice) to the case at hand (where a similar benefit is referenced twice in the same PFB) does not follow because the two requests for authorization of an alternate physician were dismissed simultaneously as they were stated in a single PFB, not in different documents filed at separate times.
Because the JCC cited alternative grounds for denial of the claimed medical benefits, one of which is in accord with chapter 440 and applicable case law, the order is AFFIRMED.
HAWKES, C.J., PADOVANO and MARSTILLER, JJ., concur.