RAY, J.
 

 Merck and Ella Smith, Appellants, seek review of a final order of the Department of Environmental Protection (DEP), which dismissed their petition for an administrative hearing as facially insufficient. The final dismissal was a result of DEP’s determination that Appellants’ motion for an extension of time to file an amended petition was untimely. We reverse because DEP failed to apply the five-day extension of time provided in Florida Administrative Code Rule 28-106.103.
 

 DEP dismissed Appellants’ timely petition for an administrative hearing without prejudice to their opportunity to file an amended petition. According to the deadline DEP established in the order of dismissal, the amended petition was due within fifteen days after the date set forth in the certificate of service. The date set forth in the certificate of service is April 26, 2011. On May 13, 2011, Appellants filed a motion for an extension of time, requesting an additional ten days to amend their petition. DEP deemed Appellants’ motion untimely, concluding that it was not received within the time allowed for filing the amended petition. DEP rejected Appellants’ argument that their amended pe
 
 *1161
 
 tition was not due until May 16, 2011, by virtue of the five-day extension of time set forth in Rule 28-106.103. Consequently, having declined to consider the merits of Appellants’ request for an extension of time, DEP issued a final order dismissing Appellants’ petition.
 

 We review DEP’s construction of Rule 28-106.103 de novo.
 
 See McQuade v. Fla. Dep’t of Corrs.,
 
 51 So.3d 489, 492 (Fla. 1st DCA 2010) (noting that if a statute is outside an agency’s area of expertise, courts review the agency’s interpretation of the statute de novo);
 
 see also
 
 § 120.68(7)(d), Fla. Stat. (2011) (requiring reversal where an appellate court determines that an agency “has erroneously interpreted a provision of law and [that] a correct interpretation compels a particular action”). This review is guided by the principle that administrative rules must be interpreted according to their plain language whenever possible.
 
 See Grueiro v. Liberty Mailing, Inc.,
 
 43 So.3d 826, 827-28 (Fla. 1st DCA 2010). The pertinent language of the rule at issue is as follows:
 

 In computing any period of time allowed by this chapter, by order of a presiding officer, or by any applicable statute, the day of the act from which the period of time begins to run shall not be included.... [F]ive days shall be added to the time limits when service has been made by regular U.S. mail.... No additional time shall be added ... when the period of time begins pursuant to a type of notice described in Rule 28-106.111, F.A.C.
 

 Fla. Admin. Code R. 28-106.1Ó3. From the outset, this rule signals that it broadly applies when “computing any period of time allowed by” Chapter 28 of the Florida Administrative Code, by order of a presiding officer, or by any applicable statute. It goes on to require that a five-day extension of time be added to any of these time limits “when service has been made by regular U.S. mail.” This plain language indicates that the extension of time applies when service of a document is relevant to the computation of a time period.
 

 DEP argues that the five-day extension of time is inapplicable to the instant case because its order established a certain deadline for the filing of the amended petition, by reference to the date in the certificate of service. For support, DEP cites case law construing the five-day extension provisions of Florida Rule of Civil Procedure 1.090(e) and Florida Rule of Appellate Procedure 9.420(d). Rule 1.090(e) states, “When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.” Similarly, Rule 9.420(e) provides, “If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period.” Under these rules, when an order sets a date certain, even by reference to a specified number of days from a date noted in the order, there is no automatic five-day extension.
 
 Gillespie v. City of Destin,
 
 946 So.2d 1195, 1198 (Fla. 1st DCA 2006) (holding that the five-day extension under Rule 9.420(e) does not apply when a court order provides that a document is due within ten days of the date of the order);
 
 Horvath v. Horvath,
 
 893 So.2d 649, 651 (Fla. 4th DCA 2005) (reaching the same conclusion under Rule 1.090(e) where the court directed the parties to respond to an order within ten days). Rather, the extension of time applies only when the “time period for doing an act is commenced by the service of a preceding document and the preceding document is
 
 *1162
 
 served by mail.”
 
 Hightower v. Berry,
 
 490 So.2d 1029, 1030 (Fla. 1st DCA 1986).
 

 If Rule 28-106.103 operated in the same manner as the civil and appellate rules, we would agree with DEP that the five-day extension is not applicable. However, a significant difference exists between the language of the civil and appellate rules and the administrative rule at issue. Although Rules 1.090(e) and 9.420(e) expressly limit the availability of the five-day extension to situations where a party is required to do some act within a prescribed period after service of a document, Rule 28-106.103 contains no such limiting language. Due to this difference, we conclude that the case law construing the civil and appellate mailbox rules does not apply to a proper construction of Rule 28-106.103. Under an independent consideration of the plain language of the administrative rule, we hold that, with certain exceptions identified in the rule, the five-day extension of time applies when an administrative agency communicates a discretionary deadline by regular U.S. mail and the deadline must be computed by reference to a period of time.
 

 DEP contends that, even if the five-day extension of time would otherwise apply, it does not apply to the deadline at issue because the rule prohibits the addition of time “when the period of time begins pursuant to a type of notice described in Rule 28-106.111, F.A.C.” Fla. Admin. Code R. 28-106.103. From DEP’s perspective, this language indicates that the five-day extension does not apply to the filing of an amended petition for administrative hearing. We disagree. The period of time at issue here did not begin to run pursuant to a type of notice described in Florida Administrative Code Rule 28-106.111; it began to run according to a schedule DEP established pursuant to its discretionary authority under section 120.569(2)(c), Florida Statutes (2010). Because this period of time was communicated in a document served by regular U.S. mail, DEP erred in failing to add the automatic five-day extension to it.
 
 *
 
 Accordingly, we reverse and remand for consideration of Appellants’ motion for extension of time.
 

 REVERSED and REMANDED.
 

 BENTON, C.J., and WETHERELL, J„ concur.
 

 *
 

 We also note that DEP failed to appreciate the extent of its discretion. DEP argues that it had no choice but to dismiss Appellants’ petition. However, as an exception to the Uniform Rules of Procedure, DEP has the following expansive authority regarding the enlargement of time:
 

 For good cause shown, the Secretary of the Department (or the Secretary's designee) may grant an enlargement of time for the doing of any act required or allowed to be done under an order of the Department ..., if the request for such enlargement is made before the expiration of the period to be enlarged,
 
 or may allow the act to be done even if the period has expired, upon motion showing that the failure to act was the result of excusable neglect.
 

 Fla. Admin. Code R. 62-110.106(4) (emphasis added).