EMAS, J.
Petitioner Miccosukee Tribe of Indians of Florida filed a petition for writ of certio-rari, seeking review of a non-final discovery order rendered on July 13, 2013. Respondents Lewis Tein, P.L., Michael R. Tein and Guy A. Lewis filed a motion to dismiss the petition for lack of jurisdiction. For the reasons that follow, we dismiss the petition for lack of jurisdiction.

FACTS

The relevant facts are not in dispute:
1. On July 15, 2013, the trial court rendered an Order Clarifying Fact Discovery Deadline.
2. On July 23, 2013, Petitioner filed a motion for reconsideration of the trial Court’s clarification order, and the court denied the motion for reconsideration on July 25, 2013.
3. On August 19, 2013, Petitioner filed a Petition for Writ of Certiorari, seeking review of the clarification order rendered July 15, 2013.

ANALYSIS

Pursuant to Florida Rule of Appellate Procedure 9.100(c)(1), a petition for writ of certiorari “shall be filed within 30 days of rendition of the order to be reviewed.” This time limit is jurisdictional. § 59.081(2), Fla. Stat. (2013) (providing that failure to timely invoke the jurisdiction of a reviewing court “shall divest such court of jurisdiction to review such cause”); Wibbens v. State, Dep’t of Highway Safety & Motor Vehicles, 956 So.2d 503 (Fla. 1st DCA 2007); Hofer v. Gil De Rubio, 409 So.2d 527 (Fla. 5th DCA 1982).
Florida Rule of Appellate Procedure 9.020(f) provides that “an order is rendered when a signed, written order is filed with the clerk of the lower tribunal.”
In their motion to dismiss, Respondents argue the motion for reconsideration (filed July 23, 2013) was not an authorized motion because it sought reconsideration of a non-final order. See Canfield v. Cantele, *506 837 So.2d 371, 376 n. 3 (Fla.2002); Bak v. Bak, 110 So.3d 523 (Fla. 4th DCA 2013). As a result, the motion for reconsideration neither suspended rendition of the July 15th order nor tolled the thirty-day time period for filing the instant petition. Canfield, 837 So.2d at 376; LaCarrere v. Reilly, 987 So.2d 816 (Fla. 3d DCA 2008).
Petitioner concedes that the motion for reconsideration was not an authorized motion and did not suspend rendition or toll the time for filing the petition, but contends, nevertheless, that the petition was filed in a timely manner. Petitioner argues it was entitled to an additional five days to file the petition because the July 15th order was e-mailed to Petitioner’s counsel. For this proposition, Petitioner relies upon Florida Rule of Judicial Administration 2.514(b), which provides:
(b) Additional Time after Service by Mail or E-Mail. When a party may or must act within a specified time after service and service is made by mail or email, 5 days are added after the period that would otherwise expire under subdivision (a).
Petitioner misconstrues this rule. The additional five-day time period applies when another rule requires a party to act within a specified time after service. Rule 2.514(b) affords no additional time when a rule (in this case rule 9.100(c)(1)) requires a party to act within a specified time after rendition of an order. See e.g., Bell v. U.S.B. Acquisition Co., 734 So.2d 403 (Fla.1999); Turner v. State, 557 So.2d 939 (Fla. 5th DCA 1990); Bouchard v. State, Dep’t of Bus. Regulation, 448 So.2d 1126 (Fla. 2d DCA 1984).
The petition was required to be filed within thirty days of the order rendered on July 15, 2013. Because the petition was filed on August 19, 2013, thirty-five days after rendition, the petition is untimely and this court is therefore without jurisdiction.
Petition dismissed.