ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
ALTENBERND, Judge.
Mark Allen Donaldson appeals the post-conviction court’s order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The court denied the motion as untimely. Although that ruling appears correct, we dismiss this appeal because Mr. Donaldson, who is not entitled to the mailbox rule, filed his notice of appeal late.
The postconviction court filed the order denying Mr. Donaldson’s motion in July 2013. It denied his motion for rehearing in an order that was filed on Thursday, September 19, 2013. Accordingly, the notice of appeal was required to be filed on or before Monday, October 21, 2013. See Fla. R. App. P. 9.141(b)(1), 9.110(b), 9.020(h), 9.420(e); Fla. R. Jud. Admin. 2.514(a). If, as in this case, a pro se appellant is not an inmate in custody, the notice of appeal is considered filed as of the date the clerk of the circuit court receives the notice. See Fla. R. App. P. 9.420(a); Fla. R. Jud. Admin. 2.516(e). Therefore, the appellant’s notice of appeal, which was filed on Tuesday, October 22, 2013, was untimely.
The Florida Supreme Court in Millinger v. Broward County Mental Health Division & Risk Management, 672 So.2d 24, 26 (Fla.1996), clearly stated: “It is a settled rule of law that mailing, as opposed to filing, a notice within the thirty-day filing period is insufficient to preserve appellate rights.” Only prisoners who are confined on the date that the notice of appeal must be filed may take advantage of the “mailbox rule,” which provides that a notice of appeal submitted by the prisoner is deemed filed at the moment the inmate loses control over the document by entrusting its further delivery or processing to agents of the state, usually prison officials. See Haag v. State, 591 So.2d 614, 617 (Fla.1992); Ray v. State, 89 So.3d 304, 304 (Fla. 1st DCA 2012); Raysor v. Raysor, 706 So.2d 400, 401 (Fla. 1st DCA 1998). And in no case is the deadline for filing a notice of appeal extended for five days even though the order to be appealed was mailed to the recipient. Since 2012, Florida Rule of Appellate Procedure 9.420(e) has explained that the computation of time in appeals is governed by Florida Rule of Judicial Administration 2.514(b). That rule provides that the automatic five-day extension applies only when some act is required to be done after service of a document by mail, not when the act is required to be done after rendition or filing of an order, even if the rendered order is mailed to the parties. See Bouchard v. State, Dep’t of Bus. Reg., 448 So.2d 1126, 1127 (Fla. 2d DCA 1984); Turner v. State, 557 So.2d 939 (Fla. 5th DCA 1990).
Mr. Donaldson asserts that United States Supreme Court Rule 29 requires his notice of appeal to be considered filed as of the date of the postmark placed by the United States Postal Service on a first-class mail envelope. But rule 29 is applicable to “[a]ny document required or permitted to be presented to the Court or to a Justice.” This rule of procedure governs proceedings in the United States Supreme Court only, not in Florida state courts.
Mr. Donaldson filed his notice of appeal a day late. There is no legal justification that gives this court the authority to extend his time to file the notice of appeal even for a day. See Tillett v. Reemployment Assistance Appeals Comm’n, 115 So.3d 1119 (Fla. 1st DCA 2013). Accord *1283 ingly, this appeal is dismissed for lack of jurisdiction.
NORTHCUTT and KELLY, JJ„ Concur.