IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RONALD MATHENY,

Petitioner,

v.

INDIAN RIVER FIRE RESCUE/
JOHNS EASTERN COMPANY,
INC.,

Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2719

Opinion filed October 2, 2015.

Petition for Writ of Certiorari.

Kristine Callagy of Bichler, Kelley, Oliver, Longo & Fox, PLLC, Maitland, for Petitioner.

William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Winter Park, for Respondents.

KELSEY, J.

We dismiss the petition for writ of certiorari for lack of jurisdiction because it was untimely. Even in workers' compensation cases, the deadline for filing a petition for writ of certiorari is controlled by Florida Rule of Appellate Procedure

9.100(c). <u>See</u> Fla. R. App. P. 9.180(a) ("Appellate review of proceedings in workers' compensation cases shall be as in civil cases except as specifically modified in this rule."). Rule 9.100(c) requires such a petition to be filed within thirty days after rendition of the order to be reviewed.

In this case it is undisputed that the lower tribunal rendered the order under review on May 12, 2015. The lower tribunal did not thereafter alter the order. The last day to file a petition for writ of certiorari was June 11, 2015, which did not fall on a weekend or holiday. Nevertheless, Petitioner filed the petition on June 12, 2015 — thirty-one days after rendition of the order. Because the filing deadline set forth in Rule 9.100(c) is jurisdictional, and Petitioner did not meet the deadline, this Court lacks jurisdiction. <u>See</u> <u>Miccosukee Tribe of Indians of Fla. v. Lewis</u>, 122 So. 3d 504, 505 (Fla. 3d DCA 2013); <u>see also</u> § 59.081(2), Fla. Stat. (2014) ("Failure to invoke the jurisdiction of any such court within the time prescribed by such rules shall divest such court of jurisdiction to review such cause.").

On jurisdictional screening, this Court entered an order requiring Petitioner to show cause why the petition should not be dismissed as untimely under Rule 9.100(c). In response, Petitioner claimed entitlement to an additional five days under Florida Rule of Judicial Administration 2.514(b). Rule 2.514(b) provides that "when a party may or must act within a specified time after *service* and service is made by mail or e-mail, 5 days are added after the period that would otherwise expire . . . ." (Emphasis added.) This rule applies only when another rule, a court order, or a

2

statute requires a party to act within a specified time after *service*. In contrast, Rule 9.100(c) requires a petition for writ of certiorari to be filed within thirty days after "*rendition* of the order to be reviewed." (Emphasis added.) Rendition is not the same thing as service. When a deadline is tied to a date of rendition, the extra five days under Rule 2.514(b) do not apply. See Miccosukee Tribe, 122 So. 3d at 506 ("Rule 2.514(b) affords no additional time when a rule (in this case rule 9.100(c)(1)) requires a party to act within a specified time after *rendition* of an order.").

This principle is nothing new. The Florida Supreme Court and every district court of appeal have affirmed it. It applies in general civil and criminal practice as well as in workers' compensation practice, unless another statute, rule, or authorized court order expressly provides otherwise. See, e.g., Bell v. U.S.B. Acquisition Co., 734 So. 2d 403, 412 (Fla. 1999) (applying former Rule 9.420(d), which then set forth the extra-five-day provision); Miccosukee Tribe, 122 So. 3d at 506; Moonier v. Fla. Unemployment Appeals Comm'n, 73 So. 3d 366 (Fla. 1st DCA 2011); Turner v. State, 557 So. 2d 939, 939 (Fla. 5th DCA 1990); Bouchard v. State, Dep't of Bus. Regulation, Div. of Alcoholic Beverages & Tobacco, 448 So. 2d 1126, 1127 (Fla. 2d DCA 1984); Franchi v. Fla. Dep't of Commerce, Div. of Emp't Sec., Bd. of Review, 375 So. 2d 1154, 1156 (Fla. 4th DCA 1979).

The petition for writ of certiorari is hereby DISMISSED for lack of jurisdiction. Because this Court lacks jurisdiction over this petition, we also deny Petitioner's alternative request that this case be consolidated with another case now

3

pending in this Court that involves similar issues of law. Nothing herein should be construed as suggesting that we would have certiorari jurisdiction to review an order such as that at issue here. See, e.g., Dep't of Revenue v. Groman, 46 So. 3d 1058, 1061 (Fla. 1st DCA 2010) (certiorari will not lie to review order that can be remedied by plenary appeal after entry of final order).

WETHERELL and RAY, JJ., CONCUR.