MAKAR, J.,
concurring.
Billable hours, client pressures, and law school debt escalate attorney stress; so too with figuring out filing deadlines. What seems simple often isn’t, and what seems complex typically is. Take this court’s order of December 27, 2016, which said that the “answer brief shall be filed within 16 days of the date of this order.” Fifteen calendar days from the order was January 11, 2017, but the Guardian Ad Litem (GAL) waited until January 17, 2017, to file its answer brief based on its view that it had 16 days plus extra time under a “standard” “three-day ‘mailbox rule.’ ”
No such rule exists, but there is a five-day “service by mail or email” rule within rule 2.514, Florida Rules of Judicial Administration (entitled “Computing and Extending Time”), which was adopted on October 1, 2012, taking the place of former rules 1.090(e), Florida Rule of Civil Procedure and 9.420 (e) & (f), Florida Rules of Appellate Procedure. See In re Amendments to Fla. Rules of Judicial Admin., Fla. Rules of Civil Procedure, Fla. Rules of Criminal Procedure, Fla. Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators, Fla. Prob. Rules, Fla. Rules of Traffic Court, Fla. Rules of Juvenile Procedure, Fla. Rules of Appellate Procedure, & Fla. Family Law Rules of Procedure-Computation of Time, 95 So.3d 96, 99 (Fla. 2012).
Does rule 2.514 apply to the court order in this case setting a briefs filing deadline, such that the GAL’s brief was timely? Caselaw under the former rules said no: judicial orders are outside the scope of those rules unless the orders so specified. See e.g., Jewish Fed’n of Palm Beach Cty., Inc. v. Rapaport, 682 So.2d 1149, 1151 (Fla. 4th DCA 1996) (Rule 1.090(e) “does not apply when a judge has directed that something be filed with the court at a specified time, unless the judge’s directive makes clear that additional time for performance after the mailing of the qualifying paper is permitted.”); see also Smith v. Sylvester, 82 So.3d 1159, 1161-62 (Fla. 1st DCA 2012) (Rule 9.420(e) does not provide a five-day extension “when an order sets a date certain, even by reference to a specified number of days from a date noted in the order .... ”); Gillespie v. City of Destin, 946 So.2d 1195, 1198 (Fla. 1st DCA 2006) (no five-day extension because time for filing of brief depended on a court order rather than the “service of a preced *1292 ing document”); Hightower v. Berry, 490 So.2d 1029, 1029-30 (Fla. 1st DCA 1986) (no five-day extension where “order extending the time for serving the initial brief’ specified a deadline of “to and including April 9, 1986”).
Given this caselaw, it is sensible to interpret rule 2.514 as not applying to judicial orders as well, even though its text does not clearly say so. Subsection (a) of the new rule, which relates to the computation of time, says that it applies “in computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.” Rule 2.514(a), Fla. R. Jud. Admin, (emphasis added). It may be that “court order” was meant to include only generally-applicable administrative ones versus a single order in a discrete case, but it doesn’t explicitly say so. For this reason, it makes sense to compute time in a judicial order according to subsection (a), which this Court has said is the first of two steps in McCray v. State, 151 So.3d 449, 450-51 (Fla. 1st DCA 2014):
Thus, it appears that computing the additional time allowed after service by mail is now a two-step process. The first step involves determining when the original period would have expired under subdivision (a) of the rule.... In the second step, five days are added to the result of the computation under subdivision (a) .... [Assuming we have correctly construed the rule, the computation methodology described above will apply in a host of different situations, and as this case exemplifies, may yield different results than would have obtained under the former rules.
McCray, however, did not involve a court order specifying a briefs filing deadline. Instead, it involved the calculation of the last day for a trial judge to rule on a motion for disqualification, which was to be within 30 days after service.
Since its adoption in 2012, there have been a handful of cases interpreting it, almost all of which involved the untimely filing of a notice of appeal or petition for certiorari, both of which have 30-day jurisdictional deadlines that run from the rendition of the order to be reviewed. See Johnston v. State, 202 So.3d 976, 977 (Fla. 1st DCA 2016) (notice of appeal); Medley Plaza, Inc. v. Rama Fund, LLC, 196 So.3d 512 (Fla. 3d DCA 2016) (notice of appeal); Donaldson v. State, 136 So.3d 1281, 1282 (Fla. 2d DCA 2014) (notice of appeal); Matheny v. Indian River Fire Rescue, 174 So.3d 1129, 1130 (Fla. 1st DCA 2015) (petition for certiorari); Miccosukee Tribe of Indians of Fla. v. Lewis, 122 So.3d 504, 506 (Fla. 3d DCA 2013) (petition for certiora-ri).
Although no case has addressed the new rule’s application to a court’s briefing order, no reason exists to upset the apple cart by interpreting the new rule differently than its predecessors.
An argument exists that it could apply to judicial orders mailed or emailed to litigants. First, as mentioned, subsection (a) explicitly includes “court order” within its application. Second, the focus of subsection (b) is to provide additional time when service of a document is via mail or e-mail, stating:
(b) Additional Time after Service by Mail or E-mail. When a party may or must act within a specified time after service and service is made by mail or email, 5 days are added after the period that would otherwise expire under subdivision (a).
Fla. R. Jud. Admin. 2.514(b). Clerks of court are required to serve orders and decisions on the parties.
(b) Service.
*1293 (2) By the Clerk of Court. A copy of all orders and decisions shall be transmitted, in the manner set forth for service in rule 9.420(c), by the clerk of the court to all parties at the time of entry of the order or decision, without first requiring payment of any costs for the copies of those orders and decisions....
Fla. R. App. P. 9.420. Thus, at least on its face, the confluence of rules 2.514(b) and 9.420(b)(2) plausibly supports the proposition that an additional five days may apply when a “court order” is “served” on the parties by the clerk, as in this case.
But caselaw under the former rules made the critical distinction that when a court order requires the filing of a document, versus the service of one, that ends the inquiry, and no additional time is allowed absent the court order saying so.
Rule 9.420(d) does not permit a party to add five days to the due date when, as here, a document is due to be either served or filed by a specified date. If a document is to be served by a specified date, the certificate of service must bear a date no later than that specified.3 However, if a document is to be filed by a date certain, that document must be physically lodged in the clerk’s office no later than that specified date.
Hightower v. Berry, 490 So.2d 1029, 1030 (Fla. 1st DCA 1986) (footnotes omitted) (emphasis added). Today, filing generally means electronic filing. See Fla. R. Jud. Admin. 2.516 & 2.525 (2017). Thus, where a litigant receives a court order setting a filing deadline, the judicial requirement of filing trumps the fact that the order was received “after service and service is made by mail or e-mail” via the clerk’s office. See Donaldson, 136 So.3d at 1282 (Rule 2.514(b) “provides that the automatic five-day extension applies only when some act is required to be done after service of a document by mail, not when the act is required to be done after rendition or filing of an order, even if the rendered order is mailed to the parties.”).
All this said, the takeaway is that nothing has changed: when a court orders that a document be filed by a “date certain” or “even by reference to a specified number of days from a date noted in the order,” the additional time afforded by rule 2.514(b) is unavailable. Smith, 82 So.3d at 1161-62. For clarity’s sake, consideration should be given to adding this language (or the like) at the end of subsection (b): The additional time available under this subsection does not apply when a court order requires filing on or by a specific date or time, unless the order specifically provides that this subsection shall apply. Because this Court’s order specified that filing was to occur by a date certain, the GAL’s brief was untimely and subject to being stricken. See Fla. R. App. P. 9.410(a) (2017) (providing that violation of rules may result in “reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys’ fees, or other sanctions”). Striking an appellate brief is harsh, particularly where it might lead to a dismissal on the merits. That’s because “[pjublic policy in Florida favors deciding controversies on their merits, even when an initial brief is untimely filed.” Lindsey v. King, 894 So.2d 1058, 1060 (Fla. 1st DCA 2005). Pragmatically, striking the GAL’s brief in this case doesn’t affect its outcome because the Department of Children and Families timely filed its answer brief, which fully addressed the merits. But the GAL’s lack of any citation of authority whatsoever or claim of good faith mistake in its response makes doing so appropriate here.