# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1842
Lower Tribunal No. 15-11154
_____

**Elisabeth Gonzalez-Carone,**
Petitioner,

vs.

**In Re: The Lance and Linda Neibauer Joint Trust, by and through Lance Neibauer, as Trustee, vs. Michael J. Kurgan, etc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Elisabeth Gonzalez-Carone, in proper person.

Payton & Associates, LLC, for respondent.

Before EMAS, LOGUE and LINDSEY, JJ.

LINDSEY, J.

Elisabeth Gonzalez-Carone seeks, by way of a petition for writ of certiorari, review of the trial court's order denying her motion for protective order as moot, on August 14, 2017. The trial court's order was rendered on July 10, 2017. Pursuant to Florida Rule of Appellate Procedure 9.100(c)(1), a petition for certiorari "shall be filed within thirty days of rendition of the order to be reviewed." The thirty day time period is jurisdictional. Under section 59.081(2), Florida Statutes (2017), the failure to timely invoke the jurisdiction of a reviewing court "shall divest such court of jurisdiction to review such cause." See Miccosukee Tribe of Indians of Fla. v. Lewis, 122 So. 3d 504, 505-06 (Fla. 3d DCA 2013) (holding that because the petition for writ of certiorari was filed thirty-five days after rendition of the order to be reviewed, the petition is untimely and this Court is therefore without jurisdiction).

Here, Rule 9.100(c) required the instant petition to be filed within thirty days of the order rendered on July 10, 2017. Because the petition was filed on August 14, 2017, thirty-five days after rendition of the order sought to be reviewed, the petition is untimely. This Court therefore lacks jurisdiction over the petition. Accordingly, we dismiss the petition for lack of jurisdiction.

Petition dismissed.