IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KELVONE A. WILLIAMS,

      Appellant,

 v.                                    Case No.  5D22-2936
                                            LT Case No. 2021-1191-FD

IRENE LOMELI, DECEASED,
AND MICAELA LOMELI,

      Appellees.

_____/

Opinion filed May 18, 2023

Appeal from the Circuit Court
for Putnam County,
Alicia R. Washington, Judge.

Anne Marie Gennusa, of Gennusa
Law, P.A., St. Augustine, for
Appellant.

Susanna S. Quesenberry, of Harbor
City Law, St. Augustine, for Appellee,
Micaela Lomeli.

No Appearance for Other Appellee.


LAMBERT, C.J.

In this appeal, Appellant challenges the trial court's order granting Appellee's motion to intervene in the litigation below. Under Florida Rule of Appellate Procedure 9.040(c), we treat this appeal as a petition for certiorari review, *see Gil de Lamadrid v. De Jesus Rivera*, 272 So. 3d 845, 847 (Fla. 5th DCA 2019) ("Certiorari lies to review an interlocutory order granting a motion to intervene." (citing *Superior Fence & Rail of N. Fla. v. Lucas*, 35 So. 3d 104, 105 n.1 (Fla. 5th DCA 2010); *In re J.P.*, 12 So. 3d 253, 254 (Fla. 2d DCA 2009))); and, for the following reasons, we dismiss this proceeding for lack of jurisdiction.

The order granting intervention was rendered by the trial court on October 25, 2022. Appellant filed a motion for reconsideration or rehearing of this order, which the trial court denied. Thereafter, on November 30, 2022, Appellant filed his notice of appeal of the October 25, 2022 order.

A petition for writ of certiorari must be filed within thirty days of the order being reviewed. *See* Fla. R. App. P. 9.100(c)(1). This thirty-day time limit is jurisdictional such that the failure to timely file the petition requires a dismissal for lack of jurisdiction. *See Wibbens v. State, Dep't of High. Saf. & Motor Veh., Bureau of Driver Impv't*, 956 So. 2d 503, 504 (Fla. 1st DCA 2007) (citing *Hofer v. Gil De Rubio*, 409 So. 2d 527, 528 (Fla. 5th DCA 1982)).

The order entered here granting intervention is a nonfinal order. A motion for rehearing directed to such an order does not toll the time for filing the notice of appeal or a certiorari petition. *See Deal v. Deal*, 783 So. 2d 319, 321 (Fla. 5th DCA 2001) (citations omitted); *Johnson v. Snyder*, 296 So. 3d 547, 549 (Fla. 1st DCA 2020). Resultingly, Appellant's notice of appeal was filed thirty-six days after the rendition of the order granting intervention, making it untimely.

DISMISSED.

EDWARDS and SOUD, JJ., concur.